**SUPERIOR INSURANCE COMPANY,**
Appellant,

v.

**John JENKINS, Appellee.**

**No. 3701.**

Court of Civil Appeals of Texas.

Eastland.

May 25, 1962.

Rehearing Denied June 15, 1962.

WALTER, Justice.

This is a suit for a declaratory judgment. The questions to be adjudicated are whether Superior Insurance Company is required to defend John Jenkins in a suit filed against him by Ellis Barnes, and in the event of a recovery, pay the judgment within its policy limits. Superior insured Jenkins under a Standard Texas Family Automobile Policy.

In a non-jury trial the court rendered judgment that Superior was obligated to defend the suit and pay any judgment within the limits of the policy. Superior has appealed contending the court erred in requiring it to defend Jenkins because "intentionally caused injury" is excluded from

coverage and in holding the pleadings in Barnes v. Jenkins came within the purview of the policy.

In the first paragraph of Barnes' petition, he pleaded that Jenkins intentionally committed an assault and battery on him which was a proximate cause of his injuries. In the second paragraph Barnes alleged, in the alternative, nine specific acts of negligence which were alleged to have been a proximate cause of his injuries.

The pertinent portions of Superior's policy are as follows:

### "COVERAGE A BODILY INJURY, LIABILITY: COVERAGE B PROPERTY DAMAGE LIABILITY

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by any person;

"B. Injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage'; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient."

### "PART I—LIABILITY

"This policy does not apply under Part I:

"(b) To bodily injury or property damage caused intentionally by or at the direction of the insured."

Barnes was permitted to plead alternate claims for relief and to allege an intentionally caused injury in one count and injuries caused by negligence in another, regardless of consistency, Rule 48, Texas Rules of Civil Procedure.

The pleading of nine specific acts of negligence of Jenkins in the second paragraph of his petition, although in the alternative, brings Barnes' alleged cause of action against Jenkins within the terms of the policy. After we eliminate that portion of Barnes' pleadings, which allege an intentionally caused injury, the balance of the petition, if taken as true, is sufficient to state a cause of action against Jenkins within the terms of the policy. Maryland Casualty Company v. Moritz, Tex.Civ.App., 138 S.W.2d 1095, (Writ Ref.).

We have examined all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.