Argued December 7, 1966, reversed February 1, 1967

## BAUMAN *v.* BAUMAN
423 P. 2d 181

*David A. Rhoten,* Salem, argued the cause for appellant. With him on the brief were Rhoten, Rhoten & Speerstra and George Rossman, Salem.

*Orval N. Thompson,* Albany, argued the cause for

respondent. With him on the brief were Weatherford, Thompson, Horton & Jordan, Albany.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and REDDING, Justices.

DENECKE, J.

This appeal concerns the interpretation of a tax provision in a property settlement agreement. The question was litigated upon an order requiring the defendant husband to show cause why he should not be held in contempt for failure to pay certain taxes plaintiff wife contends are to be paid by him pursuant to a decree which incorporated the property settlement agreement. The court held the agreement did not require the payment of such taxes.

The property settlement agreement was in the form of a stipulation dictated by the attorney for the plaintiff to a court reporter, in the courtroom, in the presence of the parties and their attorneys.

The tax provision is as follows:

"Mr. Bauman assumes the responsibility of paying personally or saving Mrs. Bauman harmless from all State and Federal income taxes or other tax liability which may accrue to her or with which she may become chargeable, for all periods up to and including the year 1963. *Mr. Bauman also agrees that he will save Mrs. Bauman harmless for all tax liability of every kind arising out of the transfer to him or to any of the above-named corporations of her interest in the businesses, or any of them.* Mr. Bauman shall be entitled to any tax refunds which may be payable for 1963 or prior periods. It is recognized that for the year 1964 and subsequent years, assuming a decree of divorce is granted, that Mrs. Bauman will be obliged to pay her taxes on her personal income, presently con-

templated to be the $1,000 monthly payments above specified, and the interest on the $50,000 note. If, by reason of settlement of partnership accounts, allotment of partnership income between the parties or other business income, taxes for income in the partnership in 1964 or other taxes from the businesses hereinbefore referred to in 1964, shall be chargeable to Mrs. Bauman, then Mr. Bauman will pay such additional taxes. It is contemplated that if additional taxes are chargeable to Mrs. Bauman, that Mrs. Bauman's personal income tax shall be calculated, both for Federal and State purposes, on the assumption that she has no further income than any personal earnings of herself, and the items of interest and $1,000 monthly payments above specified, and that her total tax liability, including any possible partnership or other similar tax liability, shall be calculated and Mr. Bauman will pay the excess, if any, for 1964." (Emphasis added.)

In 1964 the defendant paid the plaintiff's income tax liability which was imposed upon her because of her transfer to the defendant of her interest in the businesses. In December, 1964, when the plaintiff's accountant was computing her taxes, he determined that the amount the defendant paid in 1964 to satisfy the plaintiff's tax liability would be construed by the tax authorities as additional income to the plaintiff and would, therefore, require the payment by the plaintiff of additional income taxes. The defendant does not question that the additional taxes were correctly assessed against the plaintiff. He contends such additional taxes are not payable by him under his agreement.[1]

---

[1] There was testimony that this "tax upon a tax" spiral could be terminated by one payment computed according to a formula approved or promulgated by the taxing authorities. It is not certain, or material, whether both federal and state income taxes are involved.

■ The only legal principle applicable to guide our decision is that the language of an agreement should be interpreted to effectuate the intentions of the parties, as those intentions can be determined from the language used and other relevant circumstances.

■ The crucial sentence states that the defendant agrees to hold the plaintiff harmless "for all tax liability of every kind arising out of the transfer to him * * * of her interest in the businesses * * *." We are of the opinion that the most reasonable interpretation of that sentence, in light of all the circumstances, is that it requires the defendant to pay the plaintiff's tax liability arising out of the defendant's initial payment of her tax liability. This subsequent and secondary liability we believe is most reasonably construed as one "arising out of the transfer to him * * * of her interest in the businesses."

Reversed.