432 P.2d 830

Grady HALMON, Plaintiff,

v.

PICO DRILLING COMPANY and United States Fidelity & Guaranty Co., Defendants-Appellees.

PICO DRILLING COMPANY, Third-Party Plaintiff,

v.

C. D. MOORE, Third-Party Defendant and Cross-Claimant Appellant.

No. 8188.

Supreme Court of New Mexico.

Oct. 23, 1967.

White, Gilbert, Koch & Kelly, Santa Fe, for appellant.

Tansey, Rosebrough & Roberts, Farmington, for appellees.

## OPINION

CHAVEZ, Chief Justice.

The action here involved arises by reason of the cross-claim of the third-party-defendant C. D. Moore, seeking coverage and indemnity from U. S. Fidelity & Guaranty Company, under a policy of automobile insurance issued by it to Robert L. Bowen on Bowen Trucking Company's trucks.

The principal suit was an action by Grady Halmon against Pico Drilling Company, hereinafter referred to as "Pico," and U. S. Fidelity & Guaranty Company, hereinafter referred to as "Guaranty Co.," for personal injuries sustained by plaintiff. The claims of plaintiff were settled and are not involved in this appeal, except insofar as the nature and existence of those claims affect the rights and duties of the parties to this appeal. Before the settlement of the main suit, the trial court granted summary judgment dismissing Moore's cross-claim against Guaranty Co. From said summary judgment, appeal was duly taken.

Plaintiff filed suit in May 1963, seeking damages for personal injuries sustained in August 1962. Plaintiff, a truck swamper or helper, was injured when hit on the head by a valve handle, wheel or other object, which fell from a mud pump being loaded on a truck. The mud pump belonged to defendant Pico, as a part of an oil drilling rig which was being loaded and moved from one drilling site to another at the time of the accident.

Plaintiff was employed by Bowen Trucking Company, hereinafter referred to as "Bowen," and was paid workmen's compensation by defendant Guaranty Co., his employer's compensation insurer. At the time of the accident, plaintiff was attaching a cable to a heavy mud pump hose lying near the mud pump. The mud pump itself was being loaded on another truck belonging to Bowen, when the valve wheel fell from the pump, striking plaintiff. Plaintiff alleged that Pico, through its agents or servants, negligently attached the wheel to the pump, failed to properly secure it, and failed to warn plaintiff of the dangerous condition of Pico's machinery. Plaintiff joined the compensation insurer Guaranty Co. as a defendant. Guaranty Co. cross-claimed against Pico. Pico denied the material allegations of plaintiff's complaint and raised various affirmative defenses, including the defense that plaintiff, at all material times, was a "special employee" of Pico and hence precluded from maintaining a tort claim against Pico. Pico also denied the principal allegations of Guaranty Co.'s cross-claim and asserted certain affirmative defenses.

Pico also asserted a third-party claim against C. D. Moore, its tool-pusher, alleging he was its employee having the authority and duty of caring for Pico's drilling rig at all times and for supervising the moving of said rig, and requested judgment over.

In his answer, third-party-defendant Moore admitted he was employed by Pico at all material times, but denied the other principal allegations. Moore, in turn, asserted a cross-claim over against Guaranty Co., claiming protection under a policy of insurance covering Bowen's trucks, which was denied by Guaranty Co.

Upon Guaranty Co.'s motion, the trial court granted summary judgment dismissing Moore's cross-claim against it. Thereafter, a pre-trial hearing was held as to all remaining claims. Orders dismissing plaintiff's suit and dismissing the third-party claim by reason of settlement were entered on March 28, 1966.

476

Guaranty Co. has filed a motion to dismiss the appeal on two grounds:

"1. That the crossclaim of Appellant, C. D. Moore, was ancillary to the principal case and especially to the third party complaint filed against him, and that the principal case and the third party complaint have both been voluntarily dismissed with prejudice, and such dismissal carried down with it all previous proceedings and orders in the action.

"2. That the decision of the trial court granting summary judgment against Appellant on his crossclaim is now moot because no judgment against Appellant, C. D. Moore, was ever entered on the third party complaint against him and there is no pending case in which any judgment could be entered and the matter is res adjudicata."

The parties agree that appellant's claim against Guaranty Co. was not a compulsory counterclaim.

Pico's third-party complaint prays for judgment over against third-party defendant Moore "for any judgment Plaintiff may recover against Third-Party Plaintiff." The cross-claim of third-party-defendant Moore prays only for "judgment against United States Fidelity & Guaranty Company for any amounts this Court may find due Pico Drilling Company on its Third Party Complaint."

The claims were dismissed with prejudice by the trial court upon stipulation of counsel that the third-party claim had been settled and that the third-party complaint may be dismissed. No judgments have been entered on the claims and, since the complaint and third-party complaint were voluntarily dismissed with prejudice, nothing further can be done on the cross-claim, as there is no third-party complaint against appellant Moore.

Although no case has been referred to us covering facts similar to the facts here involved, this court has held that a stipulation for dismissal, signed by both parties, leaves a situation the same as though the suit had never been brought and jurisdiction of the court is terminated. McCuistion v. McCuistion, 73 N.M. 27, 385 P.2d 357.

Appellant argues, however, that upon appellees' motion for summary judgment and under its motion to dismiss, it must be deemed that appellant Moore is insured and thus entitled to coverage under the insurance policy. It is true that an insured under a policy can state a cause of action against his insurer, who has refused to defend. Appellant cites Collier v. Union Indemnity Co., 38 N.M. 271, 31 P.2d 697. The holding in that case is of no assistance to appellant. In such a situation, the claim sets up the judgment against him, or his compromise settlement, and the amount paid under it. If he claims he is an omnibus insured, he sets out such allegations and must prove such facts as will entitle him to recover. This is not the situation before us.

In the case before us appellant, under his cross-claim, prays for judgment against appellee Guaranty Co. for any amount appellant is required to pay third-party plaintiff, in the event that judgment is rendered against him. The record before us shows that the third-party complaint has been dismissed. No judgment can now be entered against appellant and, therefore, the instant case is moot. This court has repeatedly held that an appeal involving a question which has become moot will be dismissed. Suburban Telephone Co. v. Mountain States T. & T. Co., 72 N.M. 420, 384 P.2d 690; New Mexico Bus Sales v. Michael, 68 N.M. 223, 360 P.2d 639; Porter v. Robert Porter & Sons, Inc., 68 N.M. 97, 359 P.2d 134.

It follows that the appeal should be dismissed. It is so ordered.

MOISE, J., and OMAN, J., Ct. App., concur.