442 P.2d 810

**H. H. SATTERWHITE, Plaintiff,**

v.

**L. W. STOLZ, Jr., Defendant-Appellant,**

v.

**The WESTERN CASUALTY & SURETY COMPANY, a corporation, Third-Party Defendant-Appellee.**

**No. 118.**

Court of Appeals of New Mexico.

June 7, 1968.

fend against plaintiff's claim; and (c) is obligated to pay any judgment that plaintiff obtained against Stolz. The third-party complaint asked that third-party defendant: (a) pay any and all sums adjudged against Stolz, and (b) reimburse Stolz for sums reasonably incurred in defending against plaintiff's claim.

Third-party defendant moved to dismiss the third-party complaint on the basis that there was no coverage, that it was not obligated to defend and that by the terms of the policy Stolz was precluded from bringing an action against third-party defendant. By stipulation, the motion was considered a motion for summary judgment. The trial court determined there was no genuine issue of fact and entered its order sustaining the motion for summary judgment and dismissing the third-party complaint. Stolz appeals.

The appeal involves the application of law to the undisputed facts; our concern is "whether a genuine cause of action * * * exists." Agnew v. Libby, 53 N.M. 56, 201 P.2d 775 (1949). No issue is raised as to, and we are not concerned with: (a) whether the claim for reimbursement is proper under § 21–1–1(14), N.M.S.A.1953, and (b) if the third party complaint is reinstated, whether there should be a separate trial of the third-party issues. See § 21–1–1(42) (b), N.M.S.A. 1953.

———◆———

Dale W. Ek, Allen C. Dewey, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellant.

Thomas B. Catron, III, Catron & Catron, Santa Fe, for appellee.

## OPINION

WOOD, Judge.

The questions presented concern a "comprehensive personal liability policy" issued by third-party defendant to Stolz (defendant-third party plaintiff). They are: (1) Duty to defend; (2) Conflict of interest in defending; (3) The "no-action" clause; and (4) Duty to pay.

Plaintiff sought damages for personal injuries allegedly inflicted by Stolz. Third-party defendant refused to defend Stolz.

Stolz filed his third-party complaint alleging that third-party defendant; (a) "is or may be" liable to Stolz for all or part of plaintiff's claim; (b) is obligated to de-

A contract is made "at the time when the last act necessary for its formation is done, and at the place where the final act is done." Merriman v. Harter, 59 N.M. 154, 280 P.2d 1045 (1955). The place where the final act is done determines the applicable law for the interpretation of the contract. See Miller v. Mutual Benefit Health & Acc. Ass'n, 76 N.M. 455, 415 P.2d 841 (1966); Merriman v. Harter, supra; Spiess v. United Services Life Ins. Co., 348 F.2d 275 (10th Cir.1965).

The policy declarations show that Stolz's address was La Grange, Texas. The policy was countersigned at La Grange, Texas. On this basis, Stolz asserts that the last act

necessary for a contract occurred in Texas and that the policy should be construed under Texas law. Third-party defendant does not dispute these contentions. Accordingly, we apply Texas law in interpreting the insurance policy.

1. *The Duty to Defend.*

The policy provides:

"I. *Coverage L.—Personal Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient.

\* \* \* \* \* \*

This policy does not apply:

\* \* \* \* \* \*

"(c) under coverages L and M, to bodily injury or property damage caused intentionally or at the direction of the insured;"

Thus, under the policy, third-party defendant is obligated to defend suits for bodily injury seeking damages "which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; \* \* \*" Under such policy provisions, Texas holds that the duty to defend is determined by the allegations of the petition filed by a claimant against the insured. Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22 (Tex.1965); Sewer Constructors, Inc. v. Employers Casualty Co., 388 S.W.2d 20 (Tex.Civ.App.1965); Superior Insurance Co. v. Jenkins, 358 S. W.2d 243 (Tex.Civ.App.1962); Maryland Casualty Co. v. Moritz, 138 S.W.2d 1095 (Tex.Civ.App.1940). See Cook v. Ohio Casualty Ins. Co., 418 S.W.2d 712 (Tex. Civ.App.1967).

Third-party defendant agrees that under Texas law the duty of the insurer to defend is determined by the allegations of the complaint filed by a claimant against the insured. It contends that a corollary to this rule applies here—that if the allegations show a state of facts to which the policy coverage does not apply then the insurer is not required to defend. Travelers Insurance Co. v. Newsom, 352 S.W.2d 888 (Tex.Civ.App.1961); United States Fidelity & Guaranty Co. v. Baldwin Motor Co., 34 S.W.2d 815 (Tex.Com.App.1931).

What are the allegations of plaintiff's complaint? Two claims are asserted. First, plaintiff alleges that Stolz committed various intentional, wilful and malicious acts which caused plaintiff's alleged injuries. No contention is made that this first claim is within the policy coverage.

Second, plaintiff asserts that Stolz committed various negligent acts which caused plaintiff's alleged injuries. Stolz asserts that the allegations as to negligent acts require third-party defendant to defend. Third-party defendant contends that although the acts are characterized as negligent, " \* \* \* the allegations that Stolz struck, lifted, dropped and fell upon the plaintiff \* \* \* " describe intentional acts; that " \* \* \* adding the word 'negligently' certainly does not make the acts any less intentional."

Thus, third-party defendant would have us determine whether the allegations of negligence are true or false. The policy obligates the insurance company to defend even if the allegations are "groundless, false or fraudulent." In determining the duty to defend, the issue is whether the allegations are sufficient to state a claim within the terms of the policy. Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., supra, states:

" \* \* \* the allegations of the complainant should be considered in the light of the policy provisions without refer-

ence to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof. * * * "

Further in the opinion: " * * * in considering such allegations a liberal interpretation of their meaning should be indulged. * * * "

■ The claim of negligent acts was sufficient to require third-party defendant to defend against that claim. Superior Insurance Co. v. Jenkins, supra. See Annot., 2 A.L.R.3d § 7, p. 1250 (1965); compare § 6, p. 1249 (1965).

Even if the allegations of negligence were construed to be allegations of intentional acts, Stolz asserts that third-party defendant had a duty to defend because plaintiff's complaint did not allege intentional harm. The distinction sought to be made is a distinction between intentional conduct resulting in harm and intent to cause harm. See Annot., 2 A.L.R.3d §§ 4a and 4b, pp. 1243–1245 (1965); Compare Alm v. Hartford Fire Insurance Co., 369 P.2d 216 (Wyo.1962) and Pendergraft v. Commercial Standard Fire & Marine Co., 342 F.2d 427 (10th Cir.1965).

We have held that under Texas law the allegations of negligence were sufficient to require third-party defendant to defend the negligence claim. Accordingly, it is not necessary to decide whether the asserted distinction should be made.

2. *Conflict of Interest in Defending.*

Plaintiff makes two claims—intentional assault and battery and negligence. If plaintiff's alleged injuries resulted from an intentional tort, the policy exclusion applies and third-party defendant is not liable for payment of a judgment entered against Stolz. If the alleged injuries resulted from negligence, the policy exclusion is not applicable and third-party defendant would be liable to pay a judgment against Stolz. This situation raises a conflict of interest. While distinguishable on its facts, the conflict is well-stated in Harbin v. Assurance

Company of America, 308 F.2d 748 (10th Cir.1962):

"The type of situation presented here places an insurer in a dilemma of conflicting interests. It cannot possibly defend * * * and protect both its own interests and the interests of its insureds. If it tries to exculpate itself by showing an intentional injury, it exposes the insured to a greater liability and a possible award of exemplary damages. If it urges an unintentional injury, it foregoes the exclusionary provision of the policy. In such circumstances the control of the defense by the insurer carries with it the potential of prejudice to the insureds and the assumption of such control without a reservation of the right to deny liability would have obligated the insurer to pay within the policy limits if the plaintiff should succeed."

Because of this conflict of interest, third-party defendant contends that it should be relieved of its duty to defend. It relies on Harbin v. Assurance Company of America, supra; Farm Bureau Mut. Automobile Ins. Co. v. Hammer, 177 F.2d 793 (4th Cir.1949) and Williams v. Farmers Mutual of Enumclaw, 245 Or. 577, 423 P. 2d 518 (1967). See McKee v. Allstate Ins. Co., Or., 426 P.2d 456 (1967). In each of these cases it was held that the insurer had no duty to defend. In each case the conflict of interest between insurer and insured was a reason given for reaching such result. We express no opinion concerning the correctness of the holding in these cases because their facts distinguish them from this case. In each of the three cases the question was whether the insurer should have taken over the defense of the suit against the insured.

Stolz does not ask the third-party defendant to take over his defense of plaintiff's suit. Stolz asks that third-party defendant be required to defend plaintiff's claim only to the extent of reimbursing him for reasonable sums incurred by him in conducting the defense.

The distinction between conducting the defense and reimbursing the insured for his costs in conducting his own defense has been recognized by Texas. In Steel Erection Co., Inc. v. Travelers Indemnity Co., 392 S.W.2d 713 (Tex.Civ.App.1965), the insurer was not in a position to defend the suit brought against its insured because of a conflict of interest. There the insurer was held liable for attorney fees expended by its insured in defending against the allegation that was within the policy coverage.

■ Applying Texas law, we hold that third-party defendant is not in a position to defend Stolz against plaintiff's negligence claim because of the conflict of interest, but this conflict does not relieve third-party defendant of all obligation under its policy in this regard. Because of the conflict the duty assumed by third-party defendant may be enforced in the manner here sought—that of reimbursing Stolz for his costs in defending against the claim alleged to be within the policy coverage.

### 3. The "No-Action" Clause.

Coverage L of the policy covers personal liability of Stolz for damages based on bodily injury. The applicable "no-action" provision is a condition of the policy. It reads:

"Conditions.

\* \* \* \* \* \*

"8. *Action Against Company—Coverage L.*

No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to re-

cover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. \* \* \* "

Third-party defendant's obligation to pay has not been finally determined. The policy states that "no action shall lie" until this has been done. Third-party defendant has been impleaded by its insured. The policy states that no person shall have the right to do this.

What is the effect of the "no-action" clause? In presenting this issue the parties raise four points: (a) Public policy; (b) Discretion of the trial court; (c) Texas third-party practice, and (d) Impossibility of performance or waiver.

### (a) *Public policy.*

Section 21–1–1(14), N.M.S.A.1953, authorizes a third-party complaint against one "who is or may be" liable to third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Stolz asserts that this rule indicates a public policy permitting the impleading of third-party defendant regardless of the "no-action" clause. He cites the following cases in support of his position: Purcell v. United States, D.C., 242 F.Supp. 789 (1965); Vaughn v. United States, D.C., 225 F.Supp. 890 (1964); Jordan v. Stephens, D.C., 7 F.R.D. 140 (1945). In opposing this contention, third-party defendant cites American Zinc Co. of Ill. v. H. H. Hall Construction Co., D.C., 21 F.R.D. 190 (1957).

A good discussion of the problem is found in 1A Barron and Holtzoff, Federal Practice and Procedure, § 426.2 (Rules ed. 1960). See also 3 Moore, Federal Practice, § 14.12 (2d ed. 1967). Because of our holding in connection with impossibility of performance or waiver, it is not necessary for us to decide the question.

## (b) *Discretion of the court.*

A third-party complaint required permission of the court. Section 21–1–1(14), N.M.S.A.1953. Third-party defendant asserts that summary judgment as to the third-party claim was proper because allowing a third-party claim to be filed is discretionary with the court. It points out that a jury demand has been filed (which Stolz asserts was untimely) and relies on that portion of 3 Moore, Federal Practice, § 14.-12, supra, which states:

> "Even where impleader is otherwise permissible on the facts of the case, the court as a matter of discretion may see fit to deny it because of the risk of prejudice if the jury learns that the defendant is insured. * * * "

See 8 Appleman, Insurance Law and Practice § 4861 (1942). But compare Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585 (1943).

Thus, third-party defendant asserts that dismissal of Stolz's third-party complaint was in the exercise of the trial court's discretion; that because of the possibility of prejudice, this discretionary action was proper.

This contention does not accord with the facts. The trial court entered its order authorizing the filing of the third-party complaint. It exercised its discretion at that time. It then disposed of the third-party complaint by an order that treated third-party defendant's motion to dismiss as a motion for summary judgment, that sustained the motion and dismissed the third-party complaint. The trial court sustained the motion without indicating on what basis it ruled. Even if the trial court had discretion to dismiss a third-party complaint after authorizing it to be filed, this was not the nature of the action taken by that court. The trial court granted summary judgment.

Thus, we must still determine the effect of the "no-action" clause.

## (c) *Texas third-party practice.*

Rule 38(a) and (c), Vernon's Texas Rules of Civil Procedure read:

> "(a) When defendant may bring in third party. A defendant, on notice to the plaintiff, may ask leave of the court to file a cross-action against a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against the defendant. * * *
>
> * * * * * *
>
> "(c) This rule shall not be applied, in tort cases, so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract liable to the person injured or damaged."

If these rules are procedural they do not determine the effect of the "no-action clause." Rules of procedure are governed by the law of the forum. Penny v. Powell, 162 Tex. 497, 347 S.W.2d 601 (1961); Restatement, Conflict of Laws § 585 (1934).

Third-party defendant contends that Rule 38(c) is substantive to the extent that it prohibits joinder of a liability insurance company; that since Texas' substantive law is applicable, Rule 38(c) bars the third-party complaint.

The Texas Supreme Court characterized Rule 38(c) as procedural in Penny v. Powell, supra. We accept that characterization.

## (d) *Impossibility of performance or waiver.*

Stolz asserts that the "no-action" clause was either impossible of performance or waived by third-party defendant's refusal to defend him. We agree.

The third-party defendant did not limit its refusal to defend to a refusal to participate in the defense because of the conflict above discussed, but denied any and all liability under its policy, including its duty to defend. The very fact that third-party defendant sought and recovered a summary

judgment, the effect of which is hereinafter discussed, clearly demonstrates that it took and still takes the position that it has no obligation under the policy.

In St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U.S. 173, 26 S.Ct. 400, 50 L.Ed. 712 (1906), the insurer refused to defend an action against its insured. The insured then settled with the complainant and sued the insurer for the settlement sum plus its costs in defending the claim. The "no-action" clause of the policy in question provided that no action would lie against the insurer unless the loss was actually sustained in satisfying a judgment after trial. It was held that the insurer's wrongful refusal to defend " * * * cut at the very root of the mutual obligation, and put an end to its right to demand further compliance with the supposed term of the contract on the other side. * * * "

In so holding, Justice Holmes stated:

"Looking at the substance of the matter, it makes no practical difference * * * whether we say that the defendant, by its conduct, made performance of the conditions by the plaintiff impossible, and therefore was chargeable for the sum which it would have had to pay if those conditions had been performed, or answer, * * * that performance of the conditions was waived. * * * "

In following the Dressed Beef decision, Collier v. Union Indemnity Co., 38 N.M. 271, 31 P.2d 697 (1934) states:

" * * * But the real principle set forth was that a breach by the insurer relieved the assured of these restrictive provisions of the contract. * * * "

See Halmon v. Pico Drilling Co., 78 N.M. 474, 432 P.2d 830 (1967).

United Services Automobile Association v. Russom, 241 F.2d 296 (5th Cir.1957) states:

" * * * So long as there is no fraud or collusion wrongfully destroying or impairing the insurer's rights, repudiation of the insurer's duty to defend excuses compliance by the assured * * with the No-action Clause. * * * "

The Dressed Beef case is followed by the Texas courts. Continental Paper Bag Co. v. Bosworth, 215 S.W. 126 (Tex. Civ.App.1919), aff'd. 269 S.W. 83 (Tex. Com.App.1925), rehearing denied, 276 S.W. 170 (Tex.Com.App.1925). Since Texas law is applicable, the no-action clause was either impossible of performance or waived when third-party defendant refused to defend Stolz.

4. *Duty to Pay.*

As noted previously, the trial court did not state on what basis it dismissed the third-party complaint. During oral argument, the question arose as to the effect of the dismissal. If the order of dismissal is affirmed would it bar a suit seeking to require third-party defendant to pay pursuant to its policy in the event plaintiff obtained a judgment against Stolz based on negligence? Specifically the question is whether the order of dismissal ruled on the question of third-party defendant's obligation to pay under policy provisions.

A summary judgment by its own terms is a final judgment. Morris v. Miller & Smith Mfg. Co., 69 N.M. 238, 365 P. 2d 664 (1961); Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378 (1958).

Since the third-party complaint was dismissed by summary judgment and since that dismissal is a final judgment, final judgment has been given as to the claims asserted in the third-party complaint. One of these claims is that third-party defendant is obligated to pay any judgment entered in favor of plaintiff against Stolz. Such a claim, of course, would be limited to coverage provided by the policy.

We do not see how summary judgment could be entered determining that third-party defendant had no duty to pay. The facts concerning the altercation between plaintiff and Stolz had not been determined (actually, had not been presented) when the order of dismissal was entered. Third-party defendant could have

a duty to pay even though, because of the allegations of the complaint, it might not have a duty to defend. Green v. Aetna Insurance Co., 349 F.2d 919 (5th Cir. 1965).

The third-party complaint alleged a "genuine cause of action;" the order summarily dismissing the third-party complaint was improper and is reversed. The cause is remanded with instructions to set aside the order of dismissal and reinstate the third-party complaint on the docket.

It is so ordered.

OMAN and ARMIJO, JJ., concur.