525 P.2d 391

Elodia CHAVEZ, as Personal Representative of the Estate of Rafael Chavez, Deceased, Plaintiff-Appellant,

v.

Delfino PINO and Mountain States Mutual Casualty Company, Defendants-Appellees.

No. 1260.

Court of Appeals of New Mexico.

July 17, 1974.

---

Joe H. Galvan, Edward E. Triviz, Las Cruces, for plaintiff-appellant.

James A. Parker, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for Mountain States Mut. Cas. Co.

## OPINION

HENLEY, Judge.

Plaintiff appeals from a summary judgment in favor of defendant, Mountain States Mutual Casualty Company (Mountain States). See § 21–1–1(54)(b), N.M. S.A.1953 (Repl.Vol.1970). She raises two issues: (1) Insurance Coverage and (2) Direct Action.

This case arises from the alleged wrongful death of the plaintiff's husband, Rafael Chavez, during the course of his employment with Wylie Brothers Contracting Company (Wylie Brothers) on a Highway Commission construction contract. Defendant Delfino Pino was also a Wylie Brothers employee. Mountain States carried the "Contractor's Protective Public Liability Insurance" for the job. In a counterclaim and cross-claim against Pino, Mountain States prayed for a judgment declaring that: (1) No direct action be permitted against it; and, (2) Pino be denied coverage as an insured under the public liability policies. Mountain States then moved for and was granted summary judgment on plaintiff's complaint and its counterclaim and cross-claim. Defendant Pino did not appeal from that judgment.

## 1. *Insurance Coverage*

Plaintiff contends that defendant Pino is an insured under the Mountain States policies. We disagree. As stated in the policy "None of the following is an insured: (i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment; . . ." Plaintiff alleges in her complaint facts sufficient to establish that Pino was an employee of Wylie Brothers (a named insured) and the bodily injury to decedent arose out of and in the course of that employment. The policies unequivocally excluded Pino as an insured.

Neither could Pino be considered a third party beneficiary. No such intent appears in the policies. On the contrary, the policies expressly exclude Pino as an insured. Compare S. W. Portland Cement Co. v. Williams, et al., 32 N.M. 68, 251 P. 380 (1926).

Plaintiff argues the general public policy of the Legislature in giving the Highway Commission authority to promulgate rules and regulations superceded the above contractual provisions. She begins by asserting the insurance policies inure to the benefit of the public. She then constructs the following syllogism: The policies inure to the benefit of the public; Delfino Pino is a member of the public; therefore, the policies inure to the benefit of Delfino Pino. They inure to his benefit in this case, as only they can, by making him an insured under them.

This argument is too broadly premised. We assume that the insurance policies "* * * inure to the benefit of *an injured member* of the public." [Emphasis added]. Campos v. Brown Construction Company, 85 N.M. 684, 515 P.2d 1288 (Ct. App.1973). That language refers to beneficiaries under the policy, not insureds. However, the cases using that language deal only with the propriety of direct action by the injured party, not with policy coverage. See Campos v. Brown Con-

struction Company, supra; Breeden v. Wilson, 58 N.M. 517, 273 P.2d 376 (1954); Lopez v. Townsend, 37 N.M. 574, 25 P.2d 809, 96 A.L.R. 342 (1933). The Legislature and Commission express no different policy. The Commission insurance requirements evidence a desire to provide compensation for bodily injury and property damage. The contractor's employees are compensated by workmen's compensation. Members of the public in general are compensated by the public liability insurance. The policy of the Commission is only to provide this compensation and not to indemnify employees under the Hockett v. Chapman, 69 N.M. 324, 366 P.2d 850 (1961) interpretation of the Workmen's Compensation Law.

Pino is not covered under the public liability policies.

*Direct Action*

Plaintiff contends she should be allowed to proceed directly against Mountain States. She cannot do so for two reasons: First, direct action is allowed, if at all, only against the defendant's insurer. Pino was not insured by Mountain States. Second, Campos v. Brown Construction Company, supra, disallowed direct action in the functional equivalent to the case at bar. The constitutional provision statutes, Highway Commission Interim Specifications (Specifications) and the construction contract in this case, are in all material respects, identical to those in *Campos*.

The parties in *Campos* stipulated the construction contract modified the Specifications. Plaintiff points to the lack of such stipulation in this case as distinguishing the *Campos* result. It does not. The Commission that issued the Specifications also was a party to the contract. The Specifications allowed change or amendment of the insurance provisions. The contract expressly stated the Special Provisions would supplement the Specifications. The dispositive "Special Provision Modifying Section 7—Legal Relations and Responsibility to Public", therefore, states

Commission policy no less than the original Specifications.

The summary judgment correctly disallowed direct action against Mountain States.

The judgment is affirmed.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.