273 P.2d 376

**BREEDEN v. WILSON et al.**

No. 5705.

Supreme Court of New Mexico.

May 19, 1954.

Rehearing Denied Aug. 25, 1954.

George A. Shipley, Alamogordo, for appellant.

Whatley & Oman, Las Cruces, \L. C. Gerding, Albuquerque, for appellees.

SEYMOUR, Justice.

Plaintiff named as defendants three individuals doing business as Alamo Cab Company, and Continental Fire and Casualty Insurance Corporation. Complaint stated three causes of action, the first alleging negligence on the part of the cab company's driver resulting in injuries to the plaintiff, a passenger in the taxicab, praying for actual damages; the second alleging, in addition to the matter contained in the first cause of action, the willful, wanton and reckless nature of the cab driver's negligence, praying for punitive damages; and the third incorporating the substance of the first two causes of action and further alleging that the defendant Continental Fire and Casualty Insurance Company, pursuant to Ordinance No. 161 of the City of Alamogordo, had issued to the company a policy of insurance, in full force and effect at the time of the accident, by the terms of which, said insurance company agreed to and did become liable for the payment, within the amount of such policy, of all losses and damages caused by the negligent operation of the cabs of the defendant taxi company.

The defendant taxicab company and the insurance company filed separate motions to dismiss and to strike upon various alleged grounds which, for the purposes of this appeal, may be said to have raised the question of whether or not the insurance company could be joined as a party defendant with the taxicab company under the particular ordinance and insurance policy here involved. A preliminary question as to the right of the trial court and this Court to consider the terms of the insurance policy was raised by the mechanics of the pleadings here involved.

For the better understanding of the questions, we set out first the relevant portions of Ordinance No. 161 of the City of Alamogordo, copy of which was attached to plaintiff's complaint:

"Ordinance No. 161

"An Ordinance Requiring the Filing of a Surety Bond or Policy of Insurance by Any Person Engaged in the Operation of Any

Dray Truck, Transfer Company, Taxi Cab, Job Wagon or Other Similar Vehicle, Said Bond or Policy Providing for Payment to Any Person Injured, Killed or Suffering Property Damage Arising Out of the Operation of Said Vehicles: Providing Procedures for Filing of Such Bond or Policy: Providing for Minimum Amounts of Such Bonds or Policies and Providing Penalties for Violation.

"Be It Ordained by the Board of Commissioners of the City of Alamogordo, New Mexico:

"Section 1. No dray truck, transfer company, taxi cab, job wagon or other vehicle, where used for hire or contract of any nature, shall engage in any operations upon the public highways of the City of Alamogordo, and no license to operate any of the above mentioned vehicles shall be issued or remain in force unless and until there shall have been filed with and approved by the City Clerk either a surety bond or policy of insurance issued by some company authorized to do business in this state, conditioned to pay, within the amount of such surety bond or policy of insurance, all losses and damages proximately caused by or resulting

from the negligent operation, maintenance or use of any of the above mentioned vehicles, or for loss or damage to the property of others; * * *."

After the trial court entered its order sustaining the various motions of the defendants, plaintiff requested the court to specify the various grounds upon which said motions were sustained and, in response to that request, the court substituted for the original order a further order setting out the pertinent provisions of the insurance policy, which provisions read as follows:

"Action Against Company—Coverages A and B: No action shall lie against the company unless as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by the

policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

"Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

■ The preliminary contention of appellant is to the effect that the trial court has amended appellant's complaint by adding thereto the terms of an insurance policy referred to by appellant in his complaint, but neither quoted nor attached. At first blush, such action on the part of the trial court would seem arbitrary and erroneous; however, the matter was submitted to the trial court on briefs in which the parties argued the terms of the policy and it is certainly true that the motions addressed to the complaint could have been accompanied by affidavits setting up the terms of the policy. This being the case, if we made disposal of the present controversy by accepting appellant's contention that the amendment was improper, it would simply be a matter of time before the question was again presented to us under different pleadings. It is our opinion that the action of the trial court in substance simply allowed the defendants to amend their motion, to which amendment appellant consented by arguing the issue thereby raised. For that reason, we shall rule against appellant on this preliminary contention and consider the case on the merits.

The principal question as to whether in this case the insurance company can be joined with the cab company as a party defendant is an important one and is controlled by the terms of the insurance policy and by the terms of the city ordinance.

■ There is a great body of case law addressed to this question. The most comprehensive recent review of these cases is found in 20 A.L.R.2d 1097, Annotation entitled, "Joinder of insurer and insured under policy of compulsory indemnity or liability insurance in action by injured third person." Textbook discussions of the case law appear, 8 Appleman, Insurance Law and Practice, §§ 4861 through 4866, pp. 276–292, and in 6 Blashfield, pt. 2, Cyclopedia of Automobile Law and Practice, § 4081, pp. 155–160. Substantially, it is admitted by the parties, and properly so, that in cases involving automobile insurance policies, absent statutory or ordinance provisions, the insurance company may not be joined as a party defendant in a suit by an injured person unless the insurance policy, itself, confers that right upon the injured person. The case before us, how-

ever, has, in addition to the insurance policy, the city ordinance quoted above.

■ Of course, if either the language of the insurance policy or the language of the city ordinance or statute involved gives a direct and immediate right of suit by the injured person against the insurance company, there is no question of the right of the plaintiff to join the two as parties defendant; nor is there any question that a legislative body has the power to provide for such joinder if it chooses to do so. Cases of this sort cause little trouble.

On the other hand, when the language under consideration is not specific in this regard, a review of the cases indicates that the construction placed upon the language is based largely upon public policy as it is envisaged by the particular court.

Our own Court twice has dealt with this problem. The first and most important case was Lopez v. Townsend, 1933, 37 N.M. 574, 25 P.2d 809, 814, 96 A.L.R. 342. On rehearing, Judge Watson had under consideration an insurance contract similar to the one in the instant case concerning which he made the following statement which is equally applicable to the case at bar:

"The contract, in so far as it covers public liability, is a mere agreement to pay a final judgment obtained against the assured. It creates a secondary liability. As it stands there, both the liability to pay and the liability to be sued are postponed until a final judgment for the tort shall have been obtained."

In that case, Judge Watson was dealing with the Laws of 1929, Ch. 129 which at that time generally regulated the business of operating motor vehicles as common carriers. That act, in the portion thereof parallel to the quoted portion of the city ordinance under consideration, is very similar to it. That act required a bond or policy of insurance "guaranteeing the payment to the public of all losses and damages proximately caused by the negligence or wilful misconduct of such motor carrier, its servants or agents, * * *." Laws 1929, c. 129, § 5. In disposing of the Lopez case and in finding that the joinder was proper, Judge Watson did not consider the language of the act above quoted, but based his decision upon an additional provision in the act which stated that, "such * * * policy, * * * shall be for the benefit of and subject to immediate suit or action thereon by any person who shall sustain actionable injury or loss protected thereby, notwithstanding any provision in said * * * policy to the contrary". Laws 1929, c. 129, § 5. In his analysis, Judge

Watson applied as the law of this state the following principle: That, first we look to the contract of insurance as controlling unless its provisions are inconsistent with those of a statute or, as in the instant case, of a city ordinance; where there is inconsistency, the statute or ordinance controls.

The conclusion reached by Judge Watson was that since the act under construction specifically provided for immediate suit by any person injured, the legislative intent, thus clearly expressed, allowed the joinder of the insurance company.

The second New Mexico case is Krametbauer v. McDonald, 1940, 44 N.M. 473, 104 P.2d 900. This case is not of importance in the solution of our problem because it was disposed of on the basis that the terms of the insurance policy were not before the court and, therefore, not subject to attack by demurrer.

As we have heretofore stated, the policy of the Court facing this particular type of question seems to us to have been determinative of the construction placed upon statutes and ordinances in the absence of very exact language stating the intent of the legislative body. With this in mind, the present ordinance must be considered in the light of the approach made by Judge Watson in the Townsend case. We find no distinction of substance between the language of the 1929 act under consideration by Judge Watson providing for a policy of insurance "guaranteeing the payment to the public of all losses", and the language of the city ordinance requiring a policy of "insurance conditioned to pay within the amount of such * * * policy of insurance all losses and damages." Judge Watson based his decision upon the additional provision of the 1929 act providing for immediate suit by the injured person. There is no such provision in the city ordinance and, based upon this distinction only, our conclusion would be that in the instant case the joinder was improper.

We are not wholly satisfied that the decision in Lopez v. Townsend arbitrarily calls for this conclusion in the instant case. Appellant has cited the case of James v. Young, 1950, 77 N.D. 451, 43 N.W.2d 692, 20 A.L.R.2d 1086, which is the case preceding the annotation cited above. This North Dakota case is powerful in its support of the contention made by appellant; two distinctions are made by appellee between the facts of the James case and the facts of the instant case: (1) The city ordinance in the North Dakota case required an insurance policy or a bond indemnifying those using such taxicab line and the public in general against loss to person or property. (2) The terms of the insurance policy involved were not dis-

cussed in the opinion. We are not satisfied that the minute differences in the language of these statutes and ordinances are controlling in the disposition of such cases. Appellees place much emphasis upon whether or not the legislative act is in specific terms for the benefit of the injured members of the public. This seems a meaningless search, since the only possible legislative authority to pass such acts or purpose for passing such acts is the protection of the public. Therefore, this element of public interest is necessarily present in all such enactments regardless of the language in which it is stated.

In the light of this approach, it becomes necessary to take one of two positions: (1) That an insurance policy procured by force of legislative enactment inures to the benefit of any injured member of the public, and the insurance company is a proper party defendant in a suit for damages by that injured party, unless the statute or ordinance in its terms negatives the idea of such joinder. (2) That the public policy, bottomed on the theory that the knowledge of the existence of insurance in the minds of a jury or court is prejudicial, remains a policy of sufficient importance and integrity to require that it be preserved unless a proper legislative body clearly expresses its intention to dispense with the protection against prejudice afforded by the exclusion from a case of the knowledge of insurance.

It is at this point in our reasoning that the majority of this Court and the author of this opinion come to a parting of the ways. The majority feels that the case of James v. Young, supra, is well-reasoned and directly in point on the question before us. Further, a substantial majority of the cases passing upon this question in other jurisdictions, as set forth in the A.L.R. annotation in connection with James v. Young, supra, support the view that joinder of the insurance company under these circumstances is proper. In view of this conclusion, it is necessary to reverse the judgment of the trial court and remand the cause for further action pursuant to this decision.

It is my own belief that, as time goes on and insurance becomes almost universal, and as juries become more sophisticated, this public policy of which we have spoken will lessen in importance. In view of the cases now on our books controlling voir dire examination of jurors in this regard, Olguin v. Thygesen, 1943, 47 N.M. 377, 143 P.2d 585; Stalcup v. Ruzic, 1947, 51 N.M. 377, 185 P.2d 298, and in view of my present feeling concerning the capacity of juries and courts to disregard the element of insurance, I do not believe that the time has yet come to change what has been the policy of this Court over a long period of years.

For these reasons and in line with the analysis made by Judge Watson in Lopez v.

Townsend, supra, it is my conclusion that the ordinance in question did not specifically provide for the joinder by an injured member of the public of the insurance company as a party defendant, and no language in that ordinance is in conflict with the contractual provisions of the insurance policy. Under this minority view, the contention of appellant in this regard would be denied.

■ The appellant has further argued that the federal rules adopted by our courts, namely, § 19–101(18), 1941 Comp., on joinder of claims and joinder of remedies, and § 19–101(19) and (20), 1941 Comp., provide for such joinder. Certainly, in their broad language, they seem to, do so. However, under the view we have taken of this case, the question involved is not procedural, but one involving the substantive rights of the parties. The rules are procedural and do not control substantive rights. For these reasons, we do not believe the rules control the instant case. Allegheny County, Pa. v. Maryland Casualty Co., D.C. 1940, 32 F.Supp. 297; Pitcairn v. Rumsey, D.C.1940, 32 F.Supp. 146.

The judgment of the trial court will be reversed and the cause remanded for further action not in conflict with this decision. It is so ordered.

McGHEE, C. J., and SADLER and LUJAN, JJ., concur.

COMPTON and SEYMOUR, JJ., dissenting in part.