Ruth DEEG, widow of Nolan Frank Deeg, deceased; Norman F. Montgomery; and C. P. McCarthy, Appellants,

v.

LUMBERMEN'S MUTUAL CASUALTY CO., a corporation, Appellee.

No. 6284.

United States Court of Appeals Tenth Circuit.

May 27, 1960.

Donnan Stephenson of Bigbee & Stephenson, Santa Fe, N. M., for appellants.

Joseph J. Mullins and Jackson G. Akin, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This appeal probes the correctness of a ruling made by the District Court for the District of New Mexico holding that under the law of that state an insurance company issuing a policy of insurance to a motor carrier under statutory compulsion [1] cannot be joined as a party defendant in an action for damages allegedly arising from the negligent operation of the insured vehicle. Appellants originally filed their action in the state court naming the driver of the truck, his employer, and the employer's insurance carrier (appellee here) as parties defendant. After removal to the federal court the action was dismissed as to appellee, the trial court directing the dismissal to be entered as a final judgment. Cf. Fed. Rules Civ.Proc. rule 54(b), 28 U.S.C.A.

The problem is not new to the New Mexico courts where, as here, the policy of insurance provides that the insurance company will "pay any final judgment recovered against the insured * * *" and further that·

---

[1]. N.M.S.A.1953, 64–27–49 provides:

"No motor carrier subject to the provisions of this act shall engage in any operations upon the highways of the state of New Mexico, and no certificate or permit shall be issued to a motor carrier, or shall remain in force, unless and until there shall have been filed with and approved by the corporation commission a certificate showing the issuance of a policy of insurance in a form approved by the corporation commission * * * conditioned to pay, * * * all losses and damage proximately caused by or resulting from the negligent operation, maintenance or use. of motor vehicles under such certificate or permit * *".

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

In Lopez v. Townsend et al., 37 N.M. 574, 25 P.2d 809, 813, 96 A.L.R. 342, the court considered a comparable policy provision in view of the then existing statutory requirement, similar in substance to the present provision, supra, but specific in its requirement that the policy "shall be for the benefit of and subject to immediate suit or action thereon by any person who shall sustain actionable injury * * *." Labeling this language "decisive," the New Mexico court held that a suit against a motor carrier may join the insurer issuing a policy under this section. A few months prior to that decision the legislature revised the statute, N.M.Laws 1933, c. 154, § 37, to eliminate the quoted language. And in 1937, the legislature again acted to change the language requiring a policy "guaranteeing the payment to the public of all losses" to the directive that the policy be "conditioned to pay * * * all losses and damage proximately caused by or resulting from the negligent operation * * * of motor vehicles * * *", N.M.Laws 1937, c. 224, § 8.

Pointing to the deletion of the statutory language termed "decisive" by the court, appellee contends that the legislative history indicates a dissatisfaction with the compulsory insurance statute which would permit the injured person to bring suit against the insurer prior to obtaining judgment against the motor carrier. The argument would be more persuasive had the legislative action occurred after the decision rather than before the court placed emphasis upon the particular words. And the contention must fail in view of the state court's decision in Breeden v. Wilson et al., 58 N. M. 517, 273 P.2d 376, 380.

In this last case the Supreme Court of New Mexico considered whether or not joinder of an insurance carrier was proper where a taxicab company was insured by force of an ordinance of the City of Alamogordo. Both the policy provision and the city ordinance were worded, as far as presently pertinent, in language identical to that of the instant policy and state statute. After noting its earlier decision in Lopez the state Supreme Court states:

"Appellees place much emphasis upon whether or not the legislative act is in specific terms for the benefit of the injured members of the public. This seems a meaningless search, since the only possible legislative authority to pass such acts or purpose for passing such acts is the protection of the public. Therefore, the element of public interest is necessarily present in all such enactments regardless of the language in which it is stated.

"In the light of this approach, it becomes necessary to take one of two positions: (1) That an insurance policy procured by force of legislative enactment inures to the benefit of any injured member of the public, and the insurance company is a proper party defendant in a suit for damages by that injured party, unless the statute or ordinance in its terms negatives the idea of such joinder. (2) That the public policy, bottomed on the theory that the knowledge of the existence of insurance in the minds of a jury or court is prejudicial, remains a policy of sufficient importance and integrity to require that it be preserved unless a proper legislative body clearly expresses its intention to dispense with the protection against prejudice afforded by the exclusion from a case of the knowledge of insurance."

The court then holds that the joinder of the insurance company is permissively proper.

■ Although we consider the ruling in Breeden to be decisive of the issue we have not overlooked the administrative interpretation of the present statute placed by the State Corporation Commission acting in its properly authorized function of supervising motor vehicle transportation. The Commission has issued regulations accepting policies endorsed in accordance with an endorsement set forth in the regulations, the language of which, in effect, permits suit against the insurer only after judgment has been recovered against the insured. Appellee urges that the policy rider thus sanctioned by the Commission was incorporated into the statute rather than the policy, particularly in view of the legislative action during the time that this regulation was in effect. Cf. Commercial Standard Ins. Co. v. Garrett, 10 Cir., 70 F.2d 969. Appellee would charge the statute with the administrative regulations and interpretation and then conclude that the statute "negatives the idea of such joinder."

■■ The contention has no merit. The fact that the legislature took no action to destroy the effect of the Commission's regulation is not conclusive of the approval of the Commission's interpretation, Bridgeport Hydraulic Co. v. Kraemer, 2 Cir., 219 F.2d 929; T.I.M.E. Inc. v. United States, 359 U.S. 464, 79 S.Ct. 904, 3 L.Ed.2d 952; and where there is a conflict between administrative and judicial interpretations of a statute, as here, the judicial interpretation must necessarily prevail, Cory Corp. v. Sauber, 7 Cir., 266 F.2d 58, rehearing denied 267 F.2d 802; Woods v. Benson Hotel Corp., 8 Cir., 177 F.2d 992.

The judgment dismissing the suit against appellee is reversed.