515 P.2d 1288

**Jose A. CAMPOS and Antonio P. Griego, Appellants,**

v.

**BROWN CONSTRUCTION COMPANY, a New Mexico corporation, and Mountain States Mutual Casualty Company, a corporation, Appellees.**

Nos. 1150, 1151.

Court of Appeals of New Mexico.

Oct. 24, 1973.

Matias A. Zamora and James K. Ribe, Santa Fe, for appellants.

Arthur D. Melendres, Kenneth L. Harrigan, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for appellees.

## OPINION

WOOD, Chief Judge.

Plaintiffs sued for property damage allegedly resulting from the detonation of explosives by Brown (Brown Construction Company) while constructing a highway. The highway construction was pursuant to a contract with the Commission (New Mexico State Highway Commission). The contract required Brown to carry " . . . adequate regular protective public liability and property damage insurance required by the Commission." Plaintiffs sued both Brown and the insurer, Mountain States Mutual Casualty Company. The trial

court entered a summary judgment dismissing the complaint against the insurer with prejudice. That judgment was final under § 21-1-1(54)(b), N.M.S.A. 1953 (Repl.Vol. 4). The amendment to that section, in April, 1973, is not applicable. Plaintiffs challenge the propriety of the summary judgment. The issues are: (1) whether direct action is permitted against the insurance company and, if not, (2) whether a dismissal with prejudice was proper.

*Direct action.*

"It is generally held that, in the absence of a contractual or statutory provision authorizing a direct action against or the joinder of a liability insurer, an injured person * * * has no right of action at law against the insurer and cannot join the insured and the liability insurer as parties defendant. * * *" Olokele Sugar Co. v. McCabe, Hamilton & Renny Co., 53 Haw. 69, 487 P.2d 769 (1971).

In Lopez v. Townsend, 37 N.M. 574, 25 P.2d 809, 96 A.L.R. 342 (1933) a statute specifically authorized a direct action. In Breeden v. Wilson, 58 N.M. 517, 273 P.2d 376 (1954) a city ordinance conditioned the issuance of a license to operate a taxicab upon the filing of an insurance policy conditioned to pay all losses and damages proximately caused by negligent operation. *Breeden*, supra, held that this requirement authorized a direct action against the insurer. See Deeg v. Lumbermen's Mutual Casualty Co., 279 F.2d 491 (10th Cir. 1960).

The parties agree there is nothing in the insurance contract which authorizes a direct action against the insurer. They also agree there is no statutory provision specifically authorizing a direct action, as in Lopez v. Townsend, supra, or requiring a policy conditioned to pay all losses, as in Breeden v. Wilson, supra.

Plaintiffs assert the absence of such provisions does not bar their suit against the insurance company. They contend direct action against the insurer is proper where public policy requires insurance for the benefit of the public. This argument assumes public policy may be found in other than statutes and, thus, goes further than the view adopted in Breeden v. Wilson, supra, which is:

"* * * That an insurance policy procured by force of legislative enactment inures to the benefit of any injured member of the public, and the insurance company is a proper party defendant in a suit for damages by that injured party, unless the statute or ordinance in its terms negatives the idea of such joinder. * * *"

The argument is plausible under the facts of this case. Involved here are the April, 1963 Interim Specifications of the Commission. Those specifications required "* * * protective public liability and property damage insurance. * * *" The Commission is established by N.M.Const. Art. V, § 14. As that provision read in 1963, the Commission was "* * * empowered and charged with the duty of determining *all matters of policy relating to* the design, *construction*, location and maintenance of state highways and public roads. * * *" (Our emphasis).

Accordingly, we assume, but do not decide, that an insurance policy procured by force of the policy of the Commission can properly be considered to inure to the benefit of an injured member of the public.

The foregoing assumption does not dispose of the question of whether plaintiffs may bring a direct action against the insurer. Breeden v. Wilson, supra, indicates the direct action is proper "* * * unless the statute or ordinance in its terms negatives the idea of such joinder. * * *" Under the assumption we have made, the direct action would be proper unless the policy of the Commission negates such joinder.

The Commission specifications apply to Brown because they were incorporated into the construction contract between the Commission and Brown. In addition to requiring liability insurance, the specifications provide that "* * * the terms and conditions of the insurance hereby required may be changed or amended." The parties

have stipulated that the specifications were modified by the construction contract between the Commission and Brown.

The modification is an addition to the section of the specifications entitled "Legal Relations and Responsibility to the Public." This is the section in the specifications which requires liability insurance. The modification reads:

> "'* * * It is specifically agreed between the parties executing this contract that it is not intended by any of the provisions of any part of the contract to create the public or any member thereof a third party beneficiary under this contract, or to authorize any one not a party to this contract to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this contract.'"

We have assumed that an insurance policy, procured by force of Commission policy, could be considered to inure to the benefit of an injured member of the public. Commission policy, expressed by the modified specifications incorporated into the construction contract, specifically negates any direct action against the insurer. Breeden v. Wilson, supra.

The trial court correctly ruled that plaintiffs' direct action against the insurance company should be dismissed.

*Dismissal with prejudice.*

The dismissal of the insurance company in the summary judgment was "with prejudice." Although the dismissal was proper, the question arises whether the dismissal is in the proper form. Specifically, the question is whether the judgment in this case, if affirmed as worded, would be a bar to any suit seeking to require the insurance company to pay in accordance with the terms of its policy. Satterwhite v. Stolz, 79 N.M. 320, 442 P.2d 810 (Ct.App.1968).

A summary judgment is a final judgment. *Satterwhite,* supra. Generally speaking, "* * * dismissal with prejudice * * * constitutes an adjudication of the merits and is thus res judicata of the is-

sues between the parties and their privies. * * *" Chalmers v. Hughes, 83 N.M. 314, 491 P.2d 531 (1971); Pueblo de Taos v. Archuleta, 64 F.2d 807 (10th. Cir. 1933). See also Gilman v. Osborn, 78 N.M. 498, 433 P.2d 83 (1967); Curtis Manufacturing Company v. Barela, 76 N.M. 392, 415 P.2d 361 (1966); Eager v. Belmore, 53 N.M. 299, 207 P.2d 519 (1949); City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701 (1939).

The insurance policy provides that no action shall lie against the insurance company until the amount of the insured's obligation to pay has been finally determined, either by judgment or written agreement. Our decision under the first point of this opinion gives effect to this provision. The policy also provides a person who has obtained a judgment or written agreement, as provided in the policy, "'* * * shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. * * *'" In their complaints, plaintiffs not only incorporated the policy terms by reference, but alleged this agreement of the insurance company to compensate, to the extent of the coverage, for acts of Brown that the policy insured. The summary judgment dismissing this claim with prejudice would dispose of this claim before there has been any determination of whether Brown is liable to plaintiffs. See Satterwhite v. Stolz, supra. The summary judgment is not in proper form.

The dismissal of Mountain States Mutual Casualty Company as a party to this action is affirmed. Because this dismissal is in the form of a final judgment constituting an adjudication of the merits of plaintiffs' prospective claim against the insurance company, the cause is remanded with instructions to set the summary judgment aside, and enter a new judgment dismissing plaintiffs' claims without prejudice to further claims against the insurance company.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.