527 P.2d 1217

Mary Romero CASTER, Individually and as next friend of Bert Allen Caster, a minor, Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF ALBUQUERQUE, New Mexico, Helweg-Farmer Transportation Co., Inc., a New Mexico corporation, Doris Christenson, and Employers Commercial Union Insurance Company, Defendants-Appellees.

No. 1450.

Court of Appeals of New Mexico.

Oct. 16, 1974.

Briggs F. Cheney, James R. Toulouse & Associates, P. A., Albuquerque, for plaintiff-appellant.

Charles B. Larrabee, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for appellee Insurance Company.

## OPINION

SUTIN, Judge.

This suit was brought in the District Court of Bernalillo County by plaintiff against defendants to recover damages for personal injuries suffered in a motorcycle-school bus collision. The trial court dismissed Employers Commercial Union Insurance Company, the insurer, as a party defendant. The judgment was final under § 21–1–1(54)(b)(2), N.M.S.A.1953 (Repl. Vol. 4, 1973 Supp.). Plaintiff appeals. We affirm.

The trial court found:

1. That there is no explicit statutory requirement or city ordinance which requires school buses to be covered by liability insurance.

2. In the absence of such requirements, the motion to dismiss should be granted.

Based upon these findings, the trial court granted the insurer's motion. The dismissal did not contain the words "with prejudice." A dismissal without prejudice does not relieve the insurer from further claims of plaintiff against the insurance company on its policy of insurance. Cf. Campos v. Brown Construction Company, 85 N.M. 684, 515 P.2d 1288 (Ct.App.1973).

Is a direct action permissible against the insurer of the defendant Board of Education? The answer is "No."

The Board of Education entered into a contract with Tom Helweg to furnish transportation for pupils over the routes and at the times specified by the Board. The contract provided:

The Board shall carry bodily injury liability, property damage liability, and medical payments insurance on the buses for the time they are operated under this contract.

The Board of Education obtained liability insurance from the insurer. Paragraph 5 of Conditions in the policy contains a "no action" clause prohibiting the joinder of the insurer prior to judgment against the insured. This is substantially the same clause that appears in Breeden v. Wilson, 58 N.M. 517, 520, 273 P.2d 376, 377, 378 (1954), a case that dealt with a problem like the one before this court. "Such policy provisions have been uniformly enforced by the courts." 8 Appleman, Insurance Law and Practice, § 4861 (1962).

*Campos* quotes the general rule as follows:

"* * * [I]n the absence of a contractual or statutory provision authorizing a direct action against or the joinder of a liability insurer, an injured person

* * * has no right of action at law against the insurer and cannot join the insured and the liability insurer as parties defendant. * * *" [85 N.M. at 685, 515 P.2d at 1289].

*Breeden* states the rule as follows:

* * * [I]n cases involving automobile insurance policies, absent statutory or ordinance provisions, the insurance company may not be joined as a party defendant in a suit by an injured person unless the insurance policy, itself, confers that right upon the injured person. * * * [58 N.M. at 521, 273 P.2d at 378].

Under either rule, we find no contractual or statutory provision, nor any insurance policy in this case that authorizes a direct action against or the joinder of a liability insurer.

The first statute bearing upon the question involved is an Act relating to suits against a public agency where liability insurance is involved. Sections 5–6–18 to 5–6–21, N.M.S.A.1953 (Repl.Vol. 2, pt. 1).

Section 5–6–18 reads:

The purpose of this act shall be to provide a means for recovery of damages for death, personal injury or property damage, resulting from the employer's or employee's negligence, which occur during the course of employment for state, county, city, school district, district, state institution, public agency or public corporation, its officers, deputies, assistants, agents and employees.

Section 5–6–19 reads in part:

The * * * public agency * * * *may insure its* * * * *agents and employees* against any liability for damages for death, personal injury or property damage resulting from their negligence or carelessness during the course of their service or employment * * *. [Emphasis added.]

Section 5–6–20 reads in part:

*Suits may be maintained against the* * * * *public agency* * * * *and the persons involved* for the negligence of * * * agents or such employees in the course of employment; *Provided, however, no judgment shall run against the* * * * *public agency* * * * *unless there be liability insurance to cover the amount and cost of such judgment.* [Emphasis added.]

Section 5–6–21 reads:

*The plaintiff* shall upon demand by the defendant *waive the amount of any judgment recovered against the state which is not covered by liability insurance.* [Emphasis added.]

Breeden v. Wilson, supra, gives us the rule to follow in determining whether the above statute is applicable. The court said (p. 524, 273 P.2d p. 380):

* * * That an insurance policy *procured by force of legislative enactment* inures to the benefit of any injured member of the public, and the insurance company is a proper party defendant in a suit for damages by that injured party, *unless the statute or ordinance in its terms negatives the idea of such joinder.* * * * [Emphasis added.]

The emphasized portion of the statute relating to insurance with public agencies shows, (1) that procurement of insurance rests in the discretion of the Board of Education. It is not procured *by force of legislative enactment.* Section 5–6–19. It was procured by a rule or regulation of the Board of Education. (2) Suits are limited to claims against the public agency and the persons involved for the negligence of agents or employees. It does not provide for a direct action against the insurer. Furthermore, the statute appears to negative the idea of joinder of an insurer by the proviso in § 5–6–20 and the waiver in § 5–6–21.

We hold that the Act relating to suits against a public agency, §§ 5–6–18 to 5–6–21, supra, does not permit a direct action against the insurer.

The second statute which bears upon actions for injuries by state vehicles

is § 64–25–9, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). Its proviso says in part:

> * * * [N]o attempt may be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part any judgment or award in favor of the claimant.

This is express legislative authority which prohibits the disclosure of insurance coverage on vehicles operated by state agencies.

We hold that this statute does not permit a direct action against the insurer.

Plaintiff cites Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900 (1940). *Breeden* correctly stated that *Krametbauer* "is not of importance in the solution of our problem because it was disposed of on the basis that the terms of the insurance policy were not before the court and, therefore, not subject to attack by demurrer."

Plaintiff's primary argument for reversal is cast in the sphere of public policy. "The issue is one of public policy," she says, "and not merely confined to specific statutory language. If the public policy of a state requires insurance for the protection of its citizens, then logic and practicality, require the allowance of joining the insurer."

■ The same argument was made in *Campos,* supra. We held that "This argument assumes public policy may be found in other than statutes and, thus, goes further than the view adopted in Breeden v. Wilson, supra * * *." However, we also held that if a constitutional provision can be found which authorizes the agency to declare public policy, a plausible argument can be made that a policy of insurance procured by force of the policy of a state agency can be considered to inure to the benefit of an injured member of the public.

Plaintiff relies on Art. XII, § 6 of the New Mexico Constitution which created a "state board of education." It provides in part:

> * * * The state board of education shall determine public school policy and vocational educational policy and shall have control, management and direction of all public schools, pursuant to authority and powers provided by law. * * *

This provision is not self-executing. Amador v. New Mexico State Board of Education, 80 N.M. 336, 455 P.2d 840 (1969). We have searched the record. No adopted rule or regulation was found that the State Board of Education ordered the defendant Board of Education to obtain a public liability insurance policy. There is nothing to suggest that such rule or regulation if adopted has acquired the force and effect of law by being filed of record pursuant to § 71–7–6, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1973 Supp.) of the State Rules Act. If such a rule or regulation is adopted, we can then consider whether the insurance policy was procured by force of the constitutional provision and the rule or regulation of the State Board of Education.

■ The Motor Carrier Act declares a common motor carrier of passengers to be affected with a public interest. Section 64–27–4, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). But it exempts from the provisions of this Act "[m]otor vehicles used exclusively to convey children to and from schools * * *." Section 64–27–25(A), N.M.S.A. (1974 Interim Supp.). The exemption does not include the safety provisions of the Act.

The tone of these provisions show that school bus operators are expressly exempted from any requirement to obtain liability insurance. This is an expression of public policy. We have found no adverse expression of public policy in the statutes of New Mexico.

We find no clear reasons or pressing necessity to avoid the "no action" clause of the insurance policy.

Affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.