558 P.2d 1157

Alvin CHAPMAN (Cowling) and Mary Chapman, Plaintiffs-Appellants,

v.

FARMERS INSURANCE GROUP, Defendant-Appellee.

No. 2571.

Court of Appeals of New Mexico.

Dec. 14, 1976.

Certiorari Denied Jan. 14, 1977.

558 P.2d 1157

Alfred M. Carvajal, Albuquerque, for plaintiffs-appellants.

Lawrence H. Hill and C. LeRoy Hansen, Civerolo, Hansen & Wolf, Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

After obtaining a *default judgment* against Teresa Molina in a personal injury claim, *based upon service by publication,* plaintiffs brought this action against defendant, who was Molina's insurer, to recover the amount obtained in the default judgment. Defendant's motion to dismiss for failure to state a claim was sustained and plaintiffs' complaint was dismissed with prejudice. Plaintiffs appeal. We affirm.

### A. *The default judgment was void.*

On March 5, 1973, plaintiffs filed a complaint against defendant Teresa Molina. It alleged that on November 11, 1970, this defendant negligently operated her vehicle and struck Alvin Chapman who was riding his bicycle, causing personal injuries and damage. On August 23, 1973, plaintiffs' trial attorney filed an affidavit that "due search and inquiry has been made as to the whereabouts of the Defendant, but efforts to do so have been unsuccessful, and said attorney requests that service by publication be granted."

Notice of suit was published in The El Independiente and the New Mexico Independent newspaper on August 31, September 7, 14 and 21, 1973.

On January 17, 1975, sixteen months later, plaintiffs' attorney filed an affidavit

that publication had been made and defendant had not entered her appearance and that plaintiffs were entitled to default judgment. On January 22, 1975, motion for default judgment was filed and on January 29, 1975, judgment was entered for plaintiffs.

On November 5, 1975, over nine months later, plaintiffs filed a complaint against Farmers Insurance Group, the insurer of Teresa Molina, to secure satisfaction of the default judgment.

The trial court granted plaintiffs a default judgment against Teresa Molina based upon service by publication under Rule 4(g) of the Rules of Civil Procedure [§ 21–1–1(4)(g), N.M.S.A.1953 (Repl. Vol. 4)].

■ This statute restricts notice by publication to actions in rem or quasi in rem. It does not relate to an action in personam. In the absence of personal service of summons within this State in an action in personam, the district court lacks jurisdiction to enter judgment. *State ex rel. Pavlo v. Scoggin,* 60 N.M. 111, 287 P.2d 998 (1955); *State ex rel. Truitt v. District Court of Ninth Judicial Dist., Curry County,* 44 N.M. 16, 96 P.2d 710, 126 A.L.R. 651 (1939). Personal service on nonresidents may be had under § 21–3–16, N.M.S.A.1953 (Repl. Vol. 4, 1975 Supp.). *Pope v. Lydick Roofing Company of Albuquerque,* 81 N.M. 661, 472 P.2d 375 (1970).

■ The trial court, lacking jurisdiction to enter judgment, the default judgment entered was void.

### B. *Plaintiffs' claim for relief survives.*

This opinion, which holds the default judgment void, does not affect the validity of plaintiffs' complaint against defendant Molina. We note that the accident occurred on November 11, 1970. Plaintiffs' complaint against defendant Molina was filed on March 5, 1973, almost 2½ years after the accident. We can understand plaintiffs' failure, by due search and inquiry, to learn the whereabouts of defendant Molina. More than six years have now passed since the date of the accident. We do not know the facts and circumstances surrounding this delay. The record does not show that defendant Molina deliberately concealed herself to evade service of process. She had no reason to do so when protected with liability insurance. We were informed by plaintiffs' appellate attorney, during oral argument, that the whereabouts of defendant Molina is known. Plaintiffs must obtain personal service on defendant Molina to pursue this action further.

■ Plaintiffs' complaint against defendant Farmers was dismissed with prejudice. Defendant Farmers agrees with plaintiffs that the cause of action against defendant Farmers should be dismissed without prejudice. "A dismissal without prejudice does not relieve the insurer from further claims of plaintiff against the insurance company on its policy of insurance." *Caster v. Board of Education of Albuquerque,* 86 N.M. 779, 780, 527 P.2d 1217, 1218 (Ct.App.1974).

### C. *Plaintiffs may not sue defendant Farmers directly.*

■ Plaintiffs' complaint against defendant Farmers was an action against defendant based upon the default judgment procured against defendant Molina in a previous action. Deletion of the default judgment from the complaint transforms this complaint into a direct action against defendant Farmers for recovery of damages caused by the negligence of defendant Molina. It has been uniformly held that, absent a contractual or statutory provision authorizing the action, an insurance carrier cannot be sued directly and cannot be joined as a party defendant. *Caster v. Board of Education of Albuquerque, supra; Campos v. Brown Construction Company,* 85 N.M. 684, 515 P.2d 1288 (Ct.App.1973); *Breeden v. Wilson,* 58 N.M. 517, 273 P.2d 376 (1954).

Plaintiffs believe the public policy of this State should be changed to conform to decisions of other states. A change in public

policy rests in the discretion of the Supreme Court.

Plaintiffs rely on Rules 17 and 20 of the Rules of Civil Procedure [§ 21–1–1(17), (20), N.M.S.A.1953 (Repl. Vol. 4)]. Rule 17(a) refers to real party in interest. Rule 20(a) refers to permissive joinder. In *Breeden v. Wilson,* supra, the Court said with reference to Rules 18, 19 and 20:

> Certainly, in their broad language, they seem to do so [allow joinder of claims and remedies]. However, under the view we have taken of this case, the question involved is not procedural, but one involving the substantive rights of the parties. The rules are procedural and do not control substantive rights. [58 N.M. at 525, 273 P.2d at 380].

Affirmed. This cause is remanded to the trial court to amend its judgment to read that plaintiffs' complaint be and hereby is dismissed "without" prejudice.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.