575 P.2d 96

Larry E. ENGLAND and Sherry J. England, Individually and as Next Friend of Jimmy Lee Shipman, Bobby D. England and Mark E. England, Petitioners,

v.

NEW MEXICO STATE HIGHWAY COMMISSION, Board of Commissioners of Sierra County, Commercial Standard Insurance Company and United States Fidelity and Guaranty Company, Respondents.

No. 11654.

Supreme Court of New Mexico.

Jan. 18, 1978.

Leslie C. Smith, Truth or Consequences, Thomas G. Fitch, Socorro, for petitioners.

Keleher & McLeod, William K. Stratvert, Robert H. Clark, Albuquerque, Crouch, Parr & Valentine, Walter K. Parr, Las Cruces, for respondents.

## OPINION

SOSA, Justice.

This action was filed November 16, 1976, against the New Mexico State Highway Commission, the Board of Commissioners of Sierra County, and their two insurance carriers. The complaint sought recovery of damages under the former version of the New Mexico Tort Claims Act [hereinafter Act], enacted by Ch. 58, § 1, 1976 N.M. Laws 159 as amended by Ch. 386, § 1, 1977 N.M. Laws 2772 [§§ 5–14–1, et seq. N.M. S.A. 1953 (Inter.Supp. 1976–1977)] for personal injuries suffered by the plaintiffs when their vehicle plunged into a crevasse created by a wash-out of a highway in Sierra County. The complaint alleged the negligence of the Highway Commission and the Board of Commissioners in maintaining the culvert, highway and roadway on or about September 14, 1976, when the highway washed away causing the accident. The two named insurance carriers filed motions to dismiss the complaint as to them for failure to state a claim upon which relief could be granted. The motions were granted and the plaintiffs appeal.

The Court of Appeals affirmed the lower court decisions, but not without dissent. We reverse.

*Breeden v. Wilson*, 58 N.M. 517, 273 P.2d 376 (1954) is clearly contra to the Court of Appeals' decision, and determinative of the issues herein. *Breeden* involved a suit against a taxi company and its insurer. The insurance coverage was required by local ordinance which stated in pertinent part:

No . . . taxi cab . . . shall engage in any operations upon public highways . . . and no license to operate any [cab] shall be issued or re-

main in force unless and until there shall have been filed with and approved by the City Clerk . . . [a] policy of insurance . . . .

58 N.M. at 520, 273 P.2d at 377.

Since that case it has uniformly been held that:

[A]n insurance policy procured by force of legislative enactment inures to the benefit of any injured member of the public, and the insurance company is a proper party defendant in a suit for damages by that injured party, unless the statute or ordinance in its terms negatives the idea of such joinder.

*Breeden, supra,* 58 N.M. at 524, 273 P.2d at 380; *See also, Caster v. Board of Education of Albuquerque,* 86 N.M. 779, 527 P.2d 1217 (Ct.App.1974); *Campos v. Brown Construction Company,* 85 N.M. 684, 515 P.2d 1288 (Ct.App.1973).

■ Three questions must be answered before an insurance company can be joined as a party defendant.

(1) *Was the insurance "procured by force of legislative enactment?"*

The Court of Appeals' majority analysis led to the conclusion that section 18 of the former version of the Act [Ch. 58, § 18, 1976 N.M. Laws 159] fell short of establishing an "authorized action." This approach appears to be developed from *Olokele Sugar Co. v. McCabe, Hamilton & Renny Co.,* 53 Haw. 69, 487 P.2d 769 (1971) which was cited in *Campos, supra.* In *Olokele Sugar Company* the Supreme Court of Hawaii stated:

[I]n the absence of a contractual or statutory provision authorizing a direct action against or the joinder of a liability insurer, an injured person . . . has no right of action at law against the insurer and cannot join the insured and the liability insurer as parties defendant.

487 P.2d at 770.

The dissent cites the title of the Act, as it previously existed, [Ch. 58, § 1, 1976 N.M. Laws 159] as illustrating the Legislature's intention. It states in pertinent part:

*Title of Act*

An act relating to the liability of government in the state of New Mexico; granting sovereign immunity to the state, local public bodies and their employees; making certain exceptions to that immunity; enacting a Tort Claims Act; *requiring the purchase of liability insurance*; imposing limitations on liability . . . (Emphasis added.)

■ In answering the first question we conclude that the insurance coverage was required by legislative mandate. Although in *Campos, supra,* the Court of Appeals utilized a Hawaii Supreme Court case, which required a contractual or statutory provision authorizing a direct action against or the joinder of an insurance company before such joinder would be allowed, the *Breeden* case, *supra,* has never been overruled and is still controlling in this jurisdiction. Accordingly, when insurance coverage is mandated by the Legislature the only time an insurer cannot be joined as a party defendant is when the statute which requires the purchase of insurance negates the idea of such joinder.

(2) *Does the benefit from the purchase of insurance coverage inure to the benefit of the public?*

■ In answering this question, the Court of Appeals found "no difficulty in reading into [Ch. 58, § 18, 1976 Laws 159] . . . the words 'for the benefit of the state.'" They cited § 6–1–4(A) N.M.S.A. 1953 (Repl. 1974) as supporting the above assertion since they quoted § 6–1–4 as stating that public buildings shall be kept "insured for the benefit of the state and its political subdivisions . . . ."

However, we interpret this as meaning that if loss occurs to state facilities which are insured the proceeds shall be paid to the state or the particular political subdivision. This is distinguishable from the instant case since the proceeds from an insurance policy procured pursuant to the Tort Claims Act must be paid to the injured member of the public and not the state. Because the Legislature recognizes "the inherently unfair and inequitable results which occur in the

strict application of the doctrine of sovereign immunity," the state is now required to protect itself from liability. Section 5–14–2, N.M.S.A. 1953 (Inter.Supp. 1976–1977). Necessarily, we decide that the public is benefited due to the enactment of the Tort Claims Act.

Moreover, in *Breeden, supra*, this Court noted that it "seems a meaningless search [to determine whether the coverage inures to the benefit of the public or the state], since the only possible legislative authority to pass such acts or purpose for passing such acts is the protection of the public." *Breeden, supra*, 58 N.M. at 524, 273 P.2d at 380.

(3) *Is there anything in the language of the statute which negates the idea of joinder of an insurance company?*

In 1977 the Legislature added subsection C to § 5–14–15, N.M.S.A. 1953 (Inter.Supp. 1976–1977) which reads:

> C. No action brought pursuant to the provisions of the Tort Claims Act [5–14–1 to 5–14–20.3] shall name as a party any insurance company insuring any risk for which immunity has been waived by that act.

In 1976, prior to the enactment of § 5–14–15(C), there was nothing in the Act which indicated the Legislature's intention to disallow a plaintiff bringing an action under the Act from joining an insurance company as a party defendant. Moreover, by drawing a logical inference from the Legislature's subsequent enactment of § 5–14–15(C), it appears that the Legislature realized that without subsection C a plaintiff could join the insurance company and therefore this prompted the 1977 amendment which specifically negated the idea of joinder. This reasoning conforms to the thrust of *Breeden*, since the language in that case states that "the insurance company is a proper party defendant . . . unless the statute or ordinance in its terms negatives the idea of such joinder." *Breeden, supra*, at 524, 273 P.2d at 380. Clearly, the Legislature has now proscribed the idea of joinder.

Therefore, we hold that the 1976 Act was applicable to the case at bar, inasmuch as the Act became effective on July 1, 1976; the injury occurred on September 17, 1976; and the action was filed on November 16, 1976. Prior to the enactment of the 1977 amendments the Act as it existed in 1976 did not negate the idea of joinder. Accordingly, in any action which falls within the purview of the Act where the injury occurred between July 1, 1976, and February of 1977 (when the 1977 amendments became immediately effective) joinder of the insurance company as a party defendant is allowed.

This holding has no application to actions where injuries occur after the effective date of the 1977 amendment since the Legislature has indicated in the amendment that joinder is now to be disallowed. Section 5–14–15(C).

For the above reasons, this cause is reversed and remanded for further proceedings not inconsistent herewith.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY and PAYNE, JJ., concur.

FEDERICI, J., not participating.