2003-NMCA-103

76 P.3d 639

**Elizabeth LITTLE, Plaintiff–Appellant,**

v.

**Willard GILL and National General Insurance Co., Inc., Defendants–Appellees.**

No. 23,105.

Court of Appeals of New Mexico.

June 16, 2003.

Anthony F. Little, Albuquerque, NM, for Appellant.

Stephen M. Williams, Ruth Fuess, Miller, Stratvert & Torgerson, P.A., Albuquerque, NM, for Appellees.

## OPINION

WECHSLER, Chief Judge.

■ {1} We address in this appeal an issue arising from our Supreme Court's opinion in *Raskob v. Sanchez*, 1998–NMSC–045, 126 N.M. 394, 970 P.2d 580. Can an injured party maintain a direct action against a tortfeasor's insurer without the presence of the tortfeasor or the tortfeasor's successor or representative in the litigation? The district court held not, and we agree. We also address additional arguments concerning the district court's dismissal under Rule 1–019 NMRA 2003. We affirm.

### Background

{2} Plaintiff Elizabeth Little filed a complaint against Defendants Willard Gill and National General Insurance Co., Inc. (National General). Little alleged that she suffered personal injury in an automobile accident caused by Gill and that National General was liable to her as Gill's liability insurance carrier. Gill died during the pendency of the litigation, and National General properly served Little with a suggestion of death under Rule 1–025 NMRA 2003. Little did not act upon the suggestion of death by moving to substitute another defendant for Gill within the ninety-day period required by Rule 1–025. The district court dismissed all claims against Gill without Little's opposition. After briefing, the court also dismissed the claims against National General under Rule 1–019, concluding that Gill was a necessary party who could not be part of the litigation. Little does not dispute that Gill's insurance contract does not expressly provide for National General to defend or pay a claim of a third party unless Gill has been found liable in tort.

### Requirements of Rule 1–019

{3} Rule 1–019(A) and (B) provide:

**Persons to be joined if feasible.** A person who is subject to service of process shall be joined as a party in the action if:

(1) in his absence complete relief cannot be accorded among those already parties; or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(a) as a practical matter impair or impede his ability to protect that interest; or

(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

**Determination by court whenever joinder not feasible.** If a person as described in Subparagraph (1) or (2) of Paragraph A of this rule cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

■ {4} Rule 1–019 has been synthesized into a three-part analysis: (1) whether a party is necessary to the litigation; (2) whether a necessary party can be joined; and (3) whether the litigation can proceed if a necessary party cannot be joined. *Gallegos v. Pueblo of Tesuque*, 2002–NMSC–012, ¶ 39, 132 N.M. 207, 46 P.3d 668, *cert. dismissed*, 536 U.S. 990, 123 S.Ct. 32, 153 L.Ed.2d 894 (2002). If the litigation cannot proceed without a necessary party, the party is considered indispensable, and the case must be dismissed. *Id.* We review dismissal under Rule 1–019 for an abuse of discretion. *Id.*

*Direct Claim Against National General*

{5} The central issue in this appeal is whether the district court abused its discretion by concluding that the litigation could not proceed without Gill. Little argues on appeal, as she did in district court, that she was entitled to proceed with the litigation against National General because, under *Raskob,* she was entitled to bring a direct action against National General as Gill's insurer. According to Little, she did not move to substitute a party under Rule 1 025(A)(1) because Rule 1–025(A)(2) allowed her to proceed against National General as a surviving defendant. We do not agree with Little's interpretation of *Raskob.*

{6} *Raskob* is a permissive joinder case. *Raskob,* 1998–NMSC–045, ¶ 3, 126 N.M. 394, 970 P.2d 580 (relying upon the test from *England v. N.M. State Highway Comm'n,* 91 N.M. 406, 408–09, 575 P.2d 96, 98–99 (1978)). Our Supreme Court began its analysis in *Raskob* by stating the general rule that an injured party does not have a direct claim against a tortfeasor's insurer unless there is a contractual or legislative provision allowing it. *Raskob,* 1998–NMSC–045, ¶ 3, 126 N.M. 394, 970 P.2d 580. The Court recognized, however, that the insurer may be joined as a proper party when "the insurance coverage is mandated by law for the benefit of the public." *Id.* It concluded that the Mandatory Financial Responsibility Act (MFRA) requires insurance coverage for the benefit of the general public, rather than merely for the protection of the individual insured, and allowed an insurance company providing liability insurance under the MFRA to be joined as a proper party in a negligence action. *Raskob,* 1998–NMSC–045, ¶ 6, 126 N.M. 394, 970 P.2d 580.

{7} *Raskob* relied on *Breeden v. Wilson,* 58 N.M. 517, 273 P.2d 376 (1954), also a permissive joinder case. *Raskob,* 1998–NMSC–045, ¶ 3, 126 N.M. 394, 970 P.2d 580. In *Breeden,* our Supreme Court concluded that when a statute requires insurance coverage, the coverage "inures to the benefit of any injured member of the public," and an injured party may join the insurance company as a proper party defendant in a personal injury action, unless the statute "negatives

the idea of such joinder." *Breeden,* 58 N.M. at 524, 273 P.2d at 380. Following this imprint, our Supreme Court in *Raskob* addressed whether the MFRA implicitly prohibited joinder and concluded that it did not. *Raskob,* 1998–NMSC–045, ¶ 6, 126 N.M. 394, 970 P.2d 580. The Court thus concluded that the MFRA amounted to a legislative provision allowing joinder. *Id.*

{8} In this case, as in *Raskob,* there is no question that the insurance contract does not provide a direct claim against National General. Little's argument that she may continue the litigation solely against National General, therefore, rests upon her having a direct claim against National General by virtue of the MFRA.

{9} The purpose of the MFRA is to require New Mexico residents who operate their motor vehicles on state highways "to have the ability to respond in damages to accidents arising out of the use and operation of a motor vehicle or to obtain a motor vehicle insurance policy." Section 66–5–201.1. Under the MFRA, if a New Mexico resident causes damages in an automobile accident within the state, the person who suffers damages can be compensated because the New Mexico resident either has the ability to provide compensation or has obtained insurance coverage which provides the compensation. Thus, the MFRA places upon the motorist the legal obligation of providing the availability of compensation for damages.

{10} The MFRA does not state that a person who suffers damages has a direct claim against an insurance company. At the time of the accident at issue in *Raskob,* the MFRA contained a specific provision relied upon in *Raskob* that "the liability of the insurance carrier with respect to the insurance required by the [MFRA] becomes absolute whenever injury or damage covered by the ... policy occurs...." *Raskob,* 1998–NMSC–045, ¶ 6, 126 N.M. 394, 970 P.2d 580 (internal quotation marks and citation omitted).

{11} Prior to the enactment of the MFRA, the Supreme Court had distinguished between the right to sue an insurance company and the right to recover from an insurance

company, requiring a judgment against the insured before an insurance company was liable to pay. *See id.* ¶ 6; *Lopez v. Townsend,* 37 N.M. 574, 583–84, 25 P.2d 809, 813–14 (1933). In 1998, the legislature repealed the specific provision of the MFRA relied upon in *Raskob.* In *Martinez v. Reid,* 2002–NMSC–015, ¶ 11, 132 N.M. 237, 46 P.3d 1237, our Supreme Court considered the implication of the legislative repeal, and held that the test for joinder established in *Breeden* and applied in *Raskob* would nevertheless apply and that the legislative modification did not demonstrate an intent to negate joinder. The Court stated that the MFRA's requirement of liability insurance for the benefit of the public was sufficient to establish the legislative intent to allow joinder. *Id.*

{12} However, *Martinez* states nothing to indicate that a direct action against an insurer can be brought. To the contrary, the Court recognized that its cases leading to *Raskob* "generally envision joinder of the insurance company along with the alleged tortfeasor" such that "the plaintiff could not proceed against the insurer alone." *Martinez,* 2002–NMSC–015, ¶ 13, 132 N.M. 237, 46 P.3d 1237. The only exception to that general proposition was *Anchor Equities, Ltd. v. Pacific Coast American,* 105 N.M. 751, 737 P.2d 532 (1987), a case which was decided "particularly under the circumstances of the instant case," and in which the Court allowed the plaintiff to proceed against the company providing a fidelity bond in the absence of the insured. *Id.* at 753, 737 P.2d at 534.

{13} With the repeal of the specific provision of the MFRA establishing an insurer's liability at the time of the accident, the MFRA no longer contains an indication that the legislature intended that an action be maintained solely against an insurance company. Indeed, by its action, we assume that the legislature intended the law to be otherwise. *See Dunn v. State ex rel. Taxation & Revenue Dep't,* 116 N.M. 1, 5–6, 859 P.2d 469, 473–74 (Ct.App.1993) ("Adoption of statutory amendments is presumptive evidence of a legislative intention to change existing law."). We see no basis in the MFRA to conclude that an injured third party can maintain a direct action against a tortfeasor's insurer in the absence of permissive language in the insurance contract.

*Other Arguments Under Rule 1–019*

■ {14} Little makes additional arguments that the district court abused its discretion by dismissing under Rule 1–019. She argues that the interests of Gill and National General were identical. According to Little, therefore, the district court did not properly apply Subsection (A)(2)(a) of Rule 1–019 as interpreted by *Gallegos,* which indicates that when a necessary party has interests identical to those of another party in the lawsuit, litigation may proceed without the necessary party. *Gallegos,* 2002–NMSC–012, ¶ 44, 132 N.M. 207, 46 P.3d 668.

{15} In *Gallegos,* the district court dismissed the plaintiff's lawsuit against the Pueblo of Tesuque and other defendants for personal injuries sustained on the property of the Pueblo of Tesuque. The court dismissed the complaint as against the Pueblo of Tesuque for lack of jurisdiction. *Id.* ¶ 4. The plaintiff then filed a separate bad faith action against the Pueblo of Tesuque's insurer. *Id.* ¶ 5. Our Supreme Court affirmed the dismissal of the bad faith action because the Pueblo of Tesuque was a necessary party which could not be a part of the lawsuit and because the district court's adjudication of issues pertaining to its insurance contract could impair the Pueblo's sovereign interests. *Id.* ¶ 53. Reaching its conclusion that the Pueblo of Tesuque was a necessary party to the bad faith action, the Court in dictum presumed that the Pueblo and its insurer would share an identity of interest in the outcome of a liability action brought by a third party because of the insured's duty to defend. *Id.* ¶ 45. The Court reasoned that such an identity of interest did not exist in the bad faith action. *Id.*

■ {16} The identity of interest analysis in *Gallegos* does not apply in the present case because that analysis relates to Rule 1–019(A)(2)(a) rather than to Rule 1–019(A)(1), which is the subsection of the rule at issue in this case. Under Rule 1–019(A)(2)(a), if the interests of a necessary party and another in the litigation are truly identical, the interests

of the necessary party would not be impaired if the litigation continues without the party. Rule 1–019(A)(2)(a) applies to ascertain whether a party is a necessary party because the party claims an interest and the action cannot practically be resolved without impairing or impeding that interest. In *Gallegos*, the Pueblo of Tesuque was in that position in the bad faith action because its sovereign interests could have been affected by the state court's interpretation of its contractual interests, and its insurer could not protect the Pueblo's interest. *See Gallegos*, 2002–NMSC–012, ¶ 45, 132 N.M. 207, 46 P.3d 668.

{17} In the present case, however, Gill was a necessary party under Rule 1–019(A)(1) because Little could not recover from National General unless she also sued Gill. Thus, in the absence of Gill, "complete relief cannot be accorded among those already parties." Rule 1–019(A)(1). The same backdrop against which the Court discussed an identity of interest in *Gallegos* is not present in this case.

{18} Rule 1–019(B) also requires the court to consider the similarity of interests of another party and the necessary party when deciding whether to dismiss if the necessary party cannot be joined. *Srader v. Verant*, 1998–NMSC–025, ¶ 31, 125 N.M. 521, 964 P.2d 82. As we have discussed, Gill was a necessary party by virtue of the insurance contract and the absence of any contrary provision in the MFRA. National General may have the same interest as Gill in defending the action, but its legal obligation is different under the insurance contract. National General does not have the obligation to pay a third-party claim until there is a judgment imposing liability against Gill. Without Gill, there can be no such judgment. The court would have had to realign the obligations of the insurance contract to continue the lawsuit. It did not abuse its discretion by declining to do so.

{19} Little also argues that this appeal can be resolved by reference to *Martinez*, 2002–NMSC–015, 132 N.M. 237, 46 P.3d 1237, under the second Rule 1–019(B) factor, which requires consideration of how prejudice can be lessened or avoided. She contends that

dismissal was improper under Rule 1–019 because the court did not allow the bifurcation process mandated by our Supreme Court in *Martinez* as an alternative to dismissal. In *Martinez*, our Supreme Court held that when a plaintiff joins an insurance company as a defendant, the considerations of Rule 11–411 NMRA 2003 require bifurcation of a jury trial to separate the issues against the insurance company from those against the tortfeasor. *Martinez*, 2002–NMSC–015, ¶¶ 26, 28, 132 N.M. 237, 46 P.3d 1237. It did so by adopting the procedure established in *Safeco Insurance Co. v. United States Fidelity & Guaranty Co.*, 101 N.M. 148, 679 P.2d 816 (1984), for bifurcation of claims against subrogated insurers to claims against a defendant's liability insurer in the *Raskob* context. However, the bifurcation procedure required by *Martinez* does not imply that a claim lies against the insurance company in the absence of the insured. The procedure adopted from *Safeco Insurance Co.* required the injured party to first recover damages from the person causing such damages before the second part of the bifurcated proceeding would be held. *Martinez*, 2002–NMSC–015, ¶ 18, 132 N.M. 237, 46 P.3d 1237. Without Gill as a party, the first part of the bifurcated proceeding adopted by *Martinez* could not take place.

{20} Nor do we believe that the district court abused its discretion by failing to otherwise consider Little's interests or Little's lack of remedy as required by Rule 1–019(B). Little could have avoided the circumstances by moving to substitute for Gill when she had the opportunity under the Rules of Civil Procedure. The procedural difficulties in this case are of her making. The court did not abuse its discretion by not rectifying them.

*Conclusion*

{21} *Raskob* does not extend to allow an action against an insurance company without its insured. The district court did not abuse its discretion in dismissing the claims against National General because the claims depended upon a judgment against Gill, who could no longer be a part of the litigation. We

affirm the district court's dismissal of the claims.

{22} IT IS SO ORDERED.

WE CONCUR: CYNTHIA A. FRY and RODERICK T. KENNEDY, Judges.