769 P.2d 88

**In re Claim of Lucy APODACA.**

**IT'S BURGER TIME, INC.,**
**Petitioner–Appellee,**

v.

**NEW MEXICO DEPARTMENT OF LABOR EMPLOYMENT SECURITY DEPARTMENT, BOARD OF REVIEW and Lucy Apodaca, Respondents–Appellants.**

**No. 17952.**

Supreme Court of New Mexico.

Feb. 22, 1989.

176

Jose R. Coronado, Southern New Mexico Legal Services, Inc., Las Cruces, Connie Reischman, New Mexico Dept. of Labor, Albuquerque, for respondents-appellants.

Kelly P. Albers, Lloyd O. Bates, Jr., Las Cruces, for petitioner-appellee.

## OPINION

RANSOM, Justice.

A determination by the Board of Review of the New Mexico Employment Security Department awarding unemployment compensation to Lucy Apodaca was reversed by the district court on certiorari. Apodaca appeals the district court decision, arguing that the court erred in finding the administrative determination was unsupported by substantial evidence and was contrary to law. We conclude substantial evidence supports the Board of Review decision that the conduct leading to Apodaca's termination did not constitute misconduct warranting denial of unemployment compensa-

tion under Section 51–1–7(B) of the Unemployment Compensation Law. NMSA 1978, §§ 51–1–1 to 51–1–54 (Repl.Pamp. 1987). Accordingly, we reverse the district court.

Apodaca was employed as a counter helper from August 1986 to August 1987 with It's Burger Time, Inc. (Burger Time). Apodaca's supervisors had no complaints concerning the performance of her work. Several times during the summer of 1987, Apodaca approached the store manager, John Pena, to ask how the owner, Kevin McGrath, would react if she were to dye her hair purple. Pena did not at first take the question seriously. When Apodaca persisted, Pena told her that he would have to ask McGrath. Apparently, he never did so. After several weeks, Apodaca went ahead and dyed her hair. McGrath saw Apodaca's tinted hair for the first time at work two days later. He instructed Pena to give Apodaca a week to decide whether she wanted to retain her new hair color or her job. In a letter to the Board of Review, McGrath wrote that he had a good sense for community standards and believed he could not afford to wait until "this incident [took] it's [sic] toll on my business." Apodaca had signed the company handbook upon being hired, which instructed employees about acceptable hygiene and appearance. The handbook said nothing specific about hair color.

Pena relayed McGrath's message to Apodaca and suggested she make up her mind quickly so he could find someone to replace her if necessary. Two days later, Apodaca told Pena she had decided to keep her hair the way it was. She was then terminated and applied for unemployment benefits.

The Department initially determined that Apodaca was ineligible for compensation because she had been terminated "for refusing to conform to the standards of personal grooming compatible with the * * * work [she was] performing." The claims officer concluded this constituted misconduct under Section 51–1–7(B). Apodaca appealed to the Appeals Tribunal, which affirmed the denial of her benefits after a hearing. She appealed the Tribunal's deci-

sion to the Department's Board of Review. After reviewing the record of the hearing, the Board concluded that the employer failed to show how the color of Apodaca's hair affected its business; therefore, her refusal to return her hair to its original color did not rise to the level of "misconduct" required for denial of her benefits. For review of the Board's decision, the employer filed a writ of certiorari with the Dona Ana County District Court, as provided by Sections 51–1–8(G), (L) and (M) of the Unemployment Compensation Law, and SCRA 1986, 1–081(C). After considering arguments and briefs by counsel for Apodaca and the Department, and for Burger Time, the district court determined Burger Time's request to Apodaca to change the color of her hair was reasonable and enforceable and Apodaca's refusal of that request was misconduct. The court concluded that the Board of Review's decision was not supported by substantial evidence and was contrary to the law and reversed the decision granting Apodaca her benefits. This appeal followed.

*Standard of review.* The standard of review of agency determinations is the "whole record" standard. *Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.*, 101 N.M. 291, 681 P.2d 717 (1984). On certiorari, the district court is to determine whether, viewing the evidence in the light most favorable to the Department's decision, its findings have substantial support in the record as a whole. The court may not reweigh the evidence or reassign the preponderance of the evidence based on segments of the record. *Id.* at 294, 681 P.2d at 720 (quoting *New Mexico Human Servs. Dep't v. Garcia*, 94 N.M. 175, 176–77, 608 P.2d 151, 152–53 (1980)). Only when the court determines that the agency determination is unsupported by substantial evidence, or that the agency's specific findings are inadequate or ambiguous due to a misapprehension of the law, may it adopt independent findings and conclusions. *Rodman v. New Mexico Em-*

*ployment Sec. Dep't*, 107 N.M. 758, 764 P.2d 1316 (1988).

In reviewing the district court decision, we therefore look first to see whether the court erred in concluding that the Department's decision was unsupported by substantial evidence. Because we conclude that the court erred in this determination, it is unnecessary for us to examine the findings and conclusions adopted by the court.

■ *Misconduct and the employer's interest.* Both Apodaca and Burger Time[1] agree that the definition of "misconduct" as used in Section 51–1–7(B) is to be found in this Court's opinion in *Mitchell v. Lovington Good Samaritan Center, Inc.*, 89 N.M. 575, 577, 555 P.2d 696, 698 (1976):

"[M]isconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability. * * * [M]ere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

Apodaca does not deny that her refusal to redye her hair was an intentional and deliberate act. At issue in this case is whether an employee who refuses to alter her personal appearance in conformity with the employer's personal beliefs about acceptable community standards has engaged in misconduct. The employer argues, and the district court apparently agreed, that so long as the request is reasonable and the employee is given adequate time to comply, refusal amounts to "insubordination and misconduct." We disagree.

In *Alonzo v. New Mexico Employment Security Department*, 101 N.M. 770, 772,

---

1. Although appearing before the district court to defend its decision, the Department did not file an appellate brief.

689 P.2d 286, 288 (1984), we recognized that termination for an isolated incident which does not "significantly affect[ ] the employer's business" may not form the basis for denial of benefits on the grounds of misconduct. In *Alonzo*, an employee was terminated after refusing to wear a smock when working at the cash register as required by company policy. *Id.* at 771, 689 P.2d at 287. As here, the employee's previous work history was completely satisfactory, and there was no evidence that the employer's business interests had been affected. *Alonzo* should be compared with *Trujillo v. Employment Security Department*, 105 N.M. 467, 471–72, 734 P.2d 245, 249–50 (Ct.App.1987), which held that failure to report for overtime work pursuant to an employment contract provision allowing the employer to draft employees in emergency situations constituted misconduct, when the evidence demonstrated that the orders directing employees to report early to work were explicit and not confusing. In *Trujillo*, unlike *Alonzo*, failure to comply with the employer's request was recognized as having significantly affected the employer's interest. *See also Thornton v. Dep't of Human Resources Dev.*, 32 Cal.App.3d 180, 107 Cal.Rptr. 892 (1973) (refusal of restaurant employee to shave beard immediately or be terminated was not misconduct when employer failed to show that beard was unsanitary or otherwise detrimental to business); *cf. Lattanzio v. Unemployment Comp. Bd. of Rev.*, 461 Pa. 392, 336 A.2d 595 (1975) (claimant's refusal to report back to work was for good cause when employer demanded he shave beard but no evidence supported contention that requested alteration in appearance was essential to performance of duties other than employer's vague assertion that claimant's "modish" appearance might reflect unfavorably on business).

In this case, there is absolutely no evidence that the color of Apodaca's hair significantly affected Burger Time's business. McGrath and Pena both testified they received no customer complaints regarding the color of Apodaca's hair. Apodaca's immediate supervisor, testifying in her behalf, reported that the only comments she heard were compliments and that Burger Time's customers had readily registered complaints in the past when they found something amiss. Under these circumstances, the Board of Review could properly decide that Apodaca's refusal to retint her hair did not rise to the level of misconduct.

Burger Time argues that none of our previous cases require an employer to demonstrate its business was affected by an employee's refusal to comply with a request from the employer. However, it is well established in New Mexico that the party seeking to establish the existence of a fact bears the burden of proof. *See Newcum v. Lawson*, 101 N.M. 448, 684 P.2d 534 (Ct.App.1984); *Carter v. Burn Constr. Co.*, 85 N.M. 27, 508 P.2d 1324 (Ct.App.), *cert. denied*, 85 N.M. 5, 508 P.2d 1302 (1973); *Wallace v. Wanek*, 81 N.M. 478, 468 P.2d 879 (Ct.App.1970); *cf. Moya v. Employment Sec. Comm'n*, 80 N.M. 39, 450 P.2d 925 (1969) (when claimant sought to establish that he ought not be disqualified from receiving benefits because the position for which he refused to interview was not suitable employment, he bore burden of proof on this issue).

In this case, pursuant to Department regulations requiring an employer to report why a claimant was fired or have that claimant's benefits charged against the employer's account, Burger Time submitted a letter stating that Apodaca refused to comply with company grooming standards. At each subsequent stage of the administrative process and before the district court, Burger Time sought to establish that Apodaca was terminated for misconduct. It therefore fell upon Burger Time to show that Apodaca's refusal to change the color of her hair amounted to misconduct under the standard considered in *Alonzo* and *Trujillo*. This, Burger Time failed to do and thus failed to meet its burden of proof. Moreover, Apodaca presented uncontroverted testimony that no customers complained, and some complimented her for her hair. We do not question Burger Time's right to establish a grooming code for its employees, to revise its rules in

response to unanticipated situations, and to make its hiring and firing decisions in conformity with this policy. However, as we noted in *Rodman,* "It is * * * possible for an employee to have been properly discharged without having acted [in a manner] as would justify denial of benefits." 107 N.M. at 761, 764 P.2d at 1319.

■ *Definition of misconduct and the right to terminate.* Although not directly presented on appeal in this case, we note that in their decision letters both the Appeals Tribunal and the Board of Review used the following definition: "The term 'misconduct' connotes a material breach of the contract of employment *or* conduct reflecting a willful disregard of the employer's best interests." (Emphasis added.) We rejected this definition in *Rodman,* 107 N.M. at 763, 764 P.2d at 1321, as inconsistent with the *Mitchell* standard requiring a willful or wanton disregard of the employer's interests. The use of the term "or" implies that any breach of the employment contract sufficient to warrant discharge of the employee serves as adequate grounds for denial of benefits, whether or not the employee acted in a willful or wanton manner. "Where an employee has not acted with the requisite degree of 'fault' under *Mitchell,* he or she has not sacrificed a reasonable expectation in continued financial security such as may be afforded by accrued unemployment compensation benefits." *Id.* at 761, 764 P.2d at 1319.

The decision of the trial court is reversed, and this case is remanded for entry of judgment consistent with the decision of the Board of Review.

IT IS SO ORDERED.

SOSA, C.J., and BACA, J., concur.