This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PHILLIP ORTEGA,**

Plaintiff-Appellant,

v.                                                                     NO. 35,437

**GERALDINE C. JOHNSON, FIELD CLAIMS REPRESENTATIVE, FARMERS INSURANCE COMPANY OF ARIZONA,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Phillip Ortega
Santa Fe, NM

Pro Se Appellant

O'Brien & Ulibarri, PC
Daniel O'Brien
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Appellant, Phillip Ortega, appeals the dismissal of his complaint with prejudice. We issued a notice of proposed summary disposition proposing to affirm. Appellant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}     Appellant continues to argue that the district court erred in dismissing his complaint for failing to include the alleged tortfeasor as a party in the lawsuit. [MIO 2-3] *See* Rule 1-019(A) NMRA (discussing joinder of indispensable parties). We review the district court's decision under Rule 1-019(A) for abuse of discretion. *See Little v. Gill*, 2003-NMCA-103, ¶ 4, 134 N.M. 321, 76 P.3d 639 (stating that review of a Rule 1-019 dismissal is for abuse of discretion). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

{3}     We briefly reiterate the relevant facts. Appellant filed a civil complaint on August 29, 2014, in which he alleged that he was injured as a result of an automobile accident caused by Farmers' insured and that Farmers was liable for various damages. [RP 1-3] In the complaint, Appellant named only Farmers and Geraldine Johnson, the

field claims representative, as defendants. Appellant did not include the alleged tortfeasor, Carla Kountoupes, as a party. [RP 1-2] On March 18, 2015, the district court entered an order granting a defense motion to dismiss without prejudice, stating that, pursuant to *Little*, Appellant did not have a direct cause of action against Farmers and that the case could not proceed without including the alleged tortfeasor as a defendant. [RP 37, 39] The district court ordered that Appellant had thirty days in which to file an amended complaint naming the alleged tortfeasor. [RP 40] Thereafter, Appellant did not file an amended complaint in district court, and, on February 23, 2016, the district court entered an order dismissing the case with prejudice. [RP 97]

{4}     We agree with the district court that dismissal was proper under these circumstances. In *Little,* this Court held that, in the absence of a direct right to sue the insurance company, an injured third-party cannot maintain an action against a tortfeasor's insurer without the presence of the tortfeasor or the tortfeasor's successor or representative in the litigation. *See Little*, 2003-NMCA-103, ¶ 21; *see also Raskob v. Sanchez*, 1998-NMSC-045, ¶ 3, 126 N.M. 394, 970 P.2d 580 (stating the general rule that an injured third party ordinarily has no claim directly against the liability insurer of a negligent defendant in the absence of a contractual provision or statute to the contrary).

{5}    In his memorandum in opposition, Appellant attempts to distinguish this case from *Little* on the basis that, in *Little*, there was no dispute that the insurance contract did not provide a direct cause of action against insurance company. [MIO 2] Appellant argues that unlike *Little*, in this case, the insurance contract was not in evidence, and Farmers had the burden to prove that Appellant did not have a direct cause of action against it by introducing the insurance contract into evidence to settle the issue. [MIO 2-3] However, as we stated in our notice of proposed summary disposition, a party asserting a claim, in this case Appellant, has the burden to allege facts to establish that a claim exists upon which relief can be granted. *See* Rule 1-008 (A)(2) NMRA (requiring a pleading which sets forth a claim for relief to contain a short and plain statement of the claim showing that the pleader is entitled to relief); Rule1-012(B)(6) NMRA (allowing motion for dismissal of a complaint for a plaintiff's failure to state a claim upon which relief can be granted). *Little* does not stand for the proposition that the insurer has the burden to prove that a third-party has no direct cause of action by introducing its contract with its insured into evidence. To the extent that Appellant sought to assert a direct claim against Farmers, it was his burden to allege the facts that established a direct claim. It was not Farmers' burden to prove that a direct claim did not exist. *See It's Burger Time v. N.M. Dep't of Labor,* 1989-NMSC-008, ¶ 11, 108 N.M. 175, 769 P.2d 88 ("[I]t is well established in New Mexico that the party

4

seeking to establish the existence of a fact bears the burden of proof."); *Wallace v. Wanek*, 1970-NMCA-049, ¶ 9, 81 N.M. 478, 468 P.2d 879 (stating that the burden of proof is on the party seeking to establish a fact).

**{6}** Appellant also argues that he could not sue the alleged tortfeasor because "the person who caused the crash is not the policyholder and she was allowed to plead no contest and a person who gets to plead no contest can't be sued." [MIO 2] However, Appellant's complaint alleges that the person who caused the crash was Farmers' insured. [RP 2] We therefore reject this assertion. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341(stating that we will reject an appellant's statement of the facts where the record shows otherwise). Additionally, Appellant cites no authority for this proposition. *See ITT Educ. Servs., Inc. v. N.M. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

**{7}** Appellant also continues to argue that he had a direct cause of action because Farmers paid for the repairs to his motorcycle. [DS 3] Appellant states that by paying for the repairs to his motorcycle, Farmers was "admitting and accepting liability if

they were not liable then why pay." [DS 3; RP 2; MIO 2 ] Again, Appellant has cited no authority either for the proposition that Farmers admitted and accepted liability for the crash by paying for repairs or that its paying for the repairs created a direct cause of action against it. Appellant also states in his memorandum in opposition that he was unable to find any authority to support this position after searching. [MIO 2] We therefore reject this argument. *See ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10 (stating that this Court will not consider propositions that are unsupported by citation to authority); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2 (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

{8}     In his docketing statement, Appellant also raised an issue arguing that he made direct claims against Farmers pursuant to the Trade Practices Fraud Article (TPFA) of the Insurance Code, NMSA 1978, § 59A-16-1 to -30 (1984, as amended through 2016). *See Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 23, 135 N.M. 397, 89 P.3d 69 (holding that the TPFA provides a direct cause of action against an insurer for third-party claimants who are injured by an insurance company's violation of Section 59A-16-20(E)). In our notice of proposed summary disposition, we proposed to hold that Appellant could not bring a claim against Farmers for violation of the TPFA because there has been no judicial determination of negligence in favor of Appellant against the insured, as Appellant did not sue the insured for negligence. *See Hovet*,

6

2004-NMSC-010, ¶ 26 (holding that a third-party claimant's statutory cause of action against the insurer for unfair settlement practices must await the conclusion of the underlying negligence action between the claimant and the insured, and the third-party claimant will not even have an action under Section 59A-16-20(E), unless and until there has been a judicial determination of the insured's fault and the amount of damages awarded in the underlying negligence action). In his memorandum in opposition, Appellant states that he does not oppose our proposed disposition of this issue, and we therefore affirm the district court's dismissal of Appellant's claims under the TPFA.

{8}     For these reasons, we affirm the district court.

{9}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**